CLARA T. JUSTICE, Exccutrix, **v.** NATIONAL BANK OF NEWBERN.

*Practice—Inspection of Writings.*

1. A petition or motion supported by affidavit will be sustained for an inspection and copy of the books of an adverse party, under C. C. P., § 331, where it is made to appear that the party applying for the order cannot obtain the information sought otherwise than by such inspection.

2. The order will be granted before the complaint has been filed when it is averred by the applicant, and not denied by the opposing party, that such discovery is necessary to enable the plaintiff to state with accuracy the facts upon which the action is founded.

(*Fuller* v̈. *McMillan*, Busb., 206; *Branson* v. *Fentress*, 13 Ired., 165, cited and approved.)

MOTION of plaintiff for an order requiring the defendant bank to permit an inspection of its books containing evidence relating to the merits of the action, heard at Spring Term, 1880, of CRAVEN Superior Court, before *Gudger, J.*

The court allowed the motion and the defendant appealed.

*Messrs. Green & Stevenson,* for plaintiff.
*Mr. W. W. Clark,* for defendant.

SMITH, C. J. At the return term following the service of summons, the plaintiff in order to prepare her complaint in the action for the recovery of deposit-moneys alleged to be due her testator, moves the court for an order requiring the defendant to allow her an inspection of, and permission to make copies from, the books of the defendant bank, containing its deposit account with the testator. The application is based upon an affidavit in which the plaintiff alleges her appointment and qualification as executrix; that upon information and belief, deposits were made by the testator with the defendant between the first day of September, 1871, and the same time in 1876, in large sums, the amount and dates whereof are unknown to her; that she has made application to the cashier of the defendant, who denies that the defendant is indebted, and refuses to come to any account, and that she has no specific information of their dealings, nor means of obtaining it except through an examination of the defendant's books. The defendant makes no answer to these allegations, but denies the plaintiff's right to an inspection of the books or any order for their production for the purpose set out in the affidavit, and especially before the cause of action is stated in the complaint. The court ordered the defendant to submit the books containing the deposit account of the testator to the inspection of the

plaintiff, on or before the first day of August thereafter, and the defendant appeals.

The case was hurriedly argued and no authorities cited to guide us in the determination of the point presented, and we are left to pursue our unaided investigation of the subject. The result we announce in a few general propositions :

1. A sufficient basis for the order is laid in the facts stated and not disputed. The plaintiff sues as executrix, and has no personal knowledge of the items of the indebtedness. The bank in its usual course of. business keeps, or ought, and is presumed from its silence, to keep a full and detailed account of its dealings with its depositors, with evidence of what has been paid out on the depositor's check. It therefore possesses important and material information of the mutual transactions, out of which the alleged indebtedness arises, to enable the plaintiff to frame her complaint with care and accuracy. The defendant therefore has "books in its possession " containing evidence relating to the merits of the action, of which the court may order an inspection and copy within the very words of section 331 of the code.

It has been ruled under the former law, that a letter written by the plaintiff to the defendant, and in possession of the former, is such evidence as warrants an order for its production. Rev. Code, ch. 51, § 82 ; *Fuller* v. *McMillan,* Busb., 206.

2. It was competent in the court to make the order before the complaint was filed, in order that the facts be ascertained which are to be embodied in it. This has been ruled in the construction of the same statute by the court of New York, in which we concur. Whit. Prac., 740, note f; 1 N. Y. Prac., 419.

Under the former statute it was held that the books or papers could only be demanded at the trial, by force of the words, " the court shall have full power in the trial of ac-

tions, on motion and due notice thereof, to require the parties to produce," &c.; and because the consequences of a refusal would be, in case of the plaintiff, a nonsuit; and in case of the defendant, a judgment by default; which latter presupposes a cause of action set out in the declaration. *Branson* v. *Fentress*, 13 Ired., 165.

But the provisions of the code are different and have a wider scope, and the order may be enforced by "excluding the paper from being given in evidence, or punishing the party refusing, or both." §§ 274, 331.

3. The order may be allowed on petition, the usual and appropriate mode of obtaining relief, or by affidavit. This has also been held in the courts of New York. 1 N. Y. Prac., 417 ; *McAlister* v, *Pond*, 2 Duer., 702.

These are the only objections that occur to us, in the absence of argument, upon an examination of the record, and they are in our opinion untenable. It must be declared there is no error in the ruling of the court, and the judgment is affirmed.

No error.                                    Affirmed.