COMMISSIONERS OF FORSYTH v. W. A. LEMLY and others.

*Production of Books and Papers—Usury—Removal of Cause
—Trial—Appeal.*

1. Where an administrator of an agent for negotiating and applying proceeds of county bonds, is sought to be examined under sections 332 —341 of the Code, and such administrator as bank cashier kept his intestate's accounts, an order to produce the books of the bank,

and also such bonds as belong to the intestate, or were found among his effects after his death, aside from pre-existing provisions of law, is regular and proper under section 331 of the Code.

2. As such books and bonds are sufficiently described in the order, they must be produced, notwithstanding any vagueness in the description of other documents, and the administrator may then defend himself against any further enforcement of the order.

3. The imputation of an attempt to charge usurious interest will not warrant the withholding information of facts for a correct account and settlement of a fund.

4. Pending the removal of a cause from one county to another and before a deposit of the transcript, it is competent for the clerk of the former county to take the examination of parties under both the Revised Code ch. 31 §72 and the Code of Civil Procedure §332—341,—correcting the intimation in *Strudwick* v. *Brodnax*, 83 N. C. 401.

5. Although ordinarily questions arising and decided during the examination of a witness cannot be singled out and the exception made the subject of a separate appeal, yet such appeal may be sustained when a party is deprived of important testimony, and the action notwithstanding such appeal may proceed to full preparation for the trial.

(*Justice* v. *Bank*, 83 N. C., 8, cited and approved, and *Strudwick* v. *Brodnax*, *Ib.* 401, corrected.)

APPEAL from the ruling of the clerk, heard at Chambers at Fall Term, 1880, of DAVIDSON Superior Court, before *McKoy, J.*

Defendants appealed from the judgment of the court below.

*Messrs. Merrimon & Fuller*, for plaintiffs.
*Messrs. J. M. Clement* and *J. M. McCorkle*, for defendants.

SMITH, C. J. The justices of the county court of Forsyth at the term held in June, 1868, and by virtue of a provision in the act incorporating the Western North Carolina Railroad Company, authorized a subscription of one thousand shares on behalf of the county in the capital stock of the company, of the par value of one hundred dollars each, and directed the issue and sale of bonds in that amount bearing

interest at the rate of eight per cent., whereof ten thousand dollars should mature at the end of the successive years next ensuing, to provide the money to pay for said stock. At the same time the defendant's intestate, I. G. Lash, was appointed financial agent of the county to prepare and have the bonds properly executed, and to dispose of the same to the best advantage to meet the requirements of the subscription. The agency was accepted, and, as alleged in the complaint, bonds executed and properly authenticated in a sum exceeding by more than four thousand dollars the prescribed limit, placed in the hands of the intestate and managed by him for a series of years, and until his death in April, 1878, without rendering any account of his trust, or of the sale of the county securities and disbursement of the proceeds, or of the funds subsequently raised by the county and paid over to him, to meet the incurred obligations. This action is instituted against the defendants, administrators of said I. G. Lash, for an account and settlement of the terminated agency, and the plaintiffs charge that most of the bonds were never legally disposed of, but retained by him as security for advances made by him, or by the bank of which he was the president and principal owner of the stock, on his behalf, and he held at the time of his death three-fourths of said bonds in value, with a lien thereon only for such moneys as he may have advanced, in excess of what he has received and a reasonable remuneration for services rendered. It is further alleged that a claim for large and usurious interest on the moneys advanced is set up by the intestate to which he is not entitled, and a general account is demanded.

Most of these charges, and especially that of mismanagement, are controverted in the answer, and at fall term, 1879, upon the defendants' application and affidavit, the cause was ordered to be removed to Davidson county; but owing to the absence of certain papers, in the hands of defendants'

counsel, needed in completing the transcript, the cause remained on the docket of Forsyth superior court until the record was filed, and it was docketed at fall term, 1880, in the superior court of Davidson. Intermediately at August 28th, 1880, on plaintiffs' application, the clerk of Forsyth superior court issued a summons to the sheriff of his county to be served on the defendant, W. A. Lemly, to appear before him at his office on the 3rd day of September following, for examination under sections 332 to 341 inclusive, of C. C. P., and requiring him to produce "all books, papers, records and documents wherein are kept memoranda and accounts" of the intestate's "transactions as such financial agent, as well as the books of the First National Bank of Salem, in his custody as former cashier, or otherwise showing the bank account of I. G. Lash while acting as such financial agent," and also such municipal bonds of the county of Forsyth as belong to the intestate, and such as were found in his possession or among his effects after his death." The witness appeared according to the mandate of the clerk, and upon his examination, acting under advice of counsel, refused to exhibit any of the books or papers specified, assigning as reasons therefor—

1. Because of the charge of the claiming and taking usurious interest on the moneys advanced.

2. For the want of a specific designation of the books, documents and papers required.

3. For the absence of any averment that they are in possession or under control of the witness.

4. The books and papers belong to the bank.

These objections to the order were overruled and the witness required to produce them, which ruling the witness refused to obey, and appealed to the judge of the superior court. On the hearing the order of the clerk was affirmed, and the defendants excepted thereto, and to the authority

of the clerk of Forsyth to take the examination under the statute.

There are two questions raised, and they have been earnestly discussed upon the appeal taken to this court.

1. Was the ruling of the clerk requiring the production of the books and papers regular and proper?

2. Was the proceeding rightfully constituted before the clerk of Forsyth superior court?

First. The evidence sought is clearly pertinent, and in the absence of any account rendered with the answer, material to the plaintiffs' case. The intestate in his lifetime rendered none, the defendant witness kept his financial accounts as agent, is familiar with his dealings with the trust fund, and, as it is not denied, must be assumed to be in possession of the bonds, books and papers demanded. There is no reason he should be relieved of the unperformed obligation of his intestate to furnish such memorials as are in his possession, as materials essential in making up the account and ascertaining the relations of the agent to his principal. The warrant for the order, aside from pre-existing provisions of law, may be found in section 331 of C. C. P., as interpreted and enforced in *Justice* v. *Bank*, 83 N. C., 8.

The books and bonds are specified with sufficient accuracy in the notice and order. Whatever objection may be to the other papers because of the vagueness of their description, certainly it cannot excuse the failure to bring forward the others to which the objection does not apply. The witness should produce such as are sufficiently designated, and he is thus informed and required, and defend himself against any further enforcement of the order, if then pressed.

The imputation of an intention or attempt to make usurious charges will not warrant the withholding information of the facts upon which a correct and just account can be made up. The imputation is of an attempt to charge ille-

gal interest, and the purpose to eliminate usurious interest if charged on the intestate's books from the account to be taken. There will in such case be no usury taken, and consequently no penalty incurred by supplying the information. There has been no sanction given by the county authorities to the appropriation of any of its funds in the hands of its agent to the payment of usurious interest, and a claim unrecognized to retain, is not a taking of such unlawful interest. .

Secondly. As to the competency of the clerk of Forsyth to take the examination after the order of removal, but before the filing of the record in the court to which the cause was removed.

It is plain that until the transcript is deposited, the removal is not consummated and the cause is not constituted so as to give full jurisdiction to the court to which the removal is ordered. In this condition of the action, it is expressly provided that subpœnas for witnesses may be issued, and commissions to take depositions may be sued out of the office of either clerk. Rev. Code, ch. 31, § 72. For the purpose of taking evidence, the jurisdiction is vested alike in the court from which as well as in that to which the cause is removed, and why does not this retained authority reach this new mode of preparing testimony, as well as those in force and prevailing when the statute was enacted? It is indeed but the taking of a deposition without commission, and to facilitate the trial, and the examination itself differs only in some of the uses which may be made of it by the parties to the suit. We see no ground for exempting an examination, thus authorized by the Code, from the operation of a statute which applies to other evidence, and is sufficiently comprehensive to include this.

But if this be not so, we are disposed to correct the intimation, not involved in the decision of the case of *Strudwick* v. *Brodnax,* 83 N. C., 401, which restricts these examinations

to the judge and clerk of the court wherein the action is at the time depending, and to extend the act to any county wherein the witness resides or where he may be found within the state. This construction is given to the statute by the courts of New York, and gives a wider and more reasonable scope to its intended beneficent provisions. Otherwise in a case like the present, the examination could not be had at all, if the witness chose to remain out of the county of Davidson. In both aspects of the matter, then, the clerk of Forsyth was in the exercise of rightful authority in proceeding to take the examination and in making the order for the production of the books and bonds, and there is no error in the ruling of the judge in relation thereto. We should have some hesitancy in sustaining the appeal, but that the plaintiffs are deprived of important evidence to sustain their action, and the cause may still proceed in making full preparation for the trial notwithstanding the appeal.

Ordinarily questions arising and decided during the examination of a witness cannot be singled out and the exception made the subject of a separate appeal, but the cause will proceed.

There is no error and this will be certified to the court below.

No error.                                      Affirmed.