Stettauer *v.* New York and Scranton Construction Co.

LOUIS STETTAUER

*v.*

THE NEW YORK AND SCRANTON CONSTRUCTION COMPANY et al.

That a stockholder has been refused permission to examine the books of the corporation with the assistance of an expert, his bill charging no fraud or misconduct on the part of the directors, but merely alleging that the reason for his examination is to discover whether he has been defrauded by the directors in the distribution of the assets, presents no ground of equitable jurisdiction; his remedy is at law by *mandamus*.

Bill for general relief. On general demurrer.

*Mr. J. W. Taylor,* for demurrants.

NOTE.—As to the general right of a stockholder to examine the books of the corporation, see *Ang. & Ames on Corp.* §§ *681, 682; Field on Corp.* § *118; 2 Phil. on Ev. 313–316; Hatch* v. *City Bank,* 1 Rob. (La.) 470 ; *Reg.* v. *Mariquita Co.,* 1 El. & El. 289 ; *Lewis* v. *Brainerd,* 53 Vt. 519 ; *Field* v. *Northern Pac. R. R. Co.,* 18 Fed. Rep. 471; *Whitworth* v. *Erie R. R. Co.,* 5 Jones & S. (N. Y.) 437 ; and the recognition of such right in equity, by discovery &c., *Gresley's Eq. Ev.* 116, 117 ; *Knyaston* v. *East India Co.,* 3 Swanst. 249 ; *Bolton* v. *Liverpool,* 3 Sim. 467, 1 Myl. & K. 88 ; *Brace* v. *Ormund,* 1 Meriv. 408 ; *Deaderick* v. *Wilson,* 8 Baxt. 108.

Irrelevant parts of the books may be sealed up, *Earp* v. *Lloyd,* 3 K & J. 549 ; *Napier* v. *Staples,* 2 Moll. 570 ; *Hill* v. *Great Western R. R. Co.,* 10 C B. (N. S.) 148 ; *Clifford* v. *Taylor,* 1 Taunt. 167 ; *Gerard* v. *Penswick,* 1 Swanst. 533 ; *Dias* v. *Merle,* 2 Paige 494 ; *Titus* v. *Cortelyou,* 1 Barb. 444 ; *People* v. *Pacific Co.,* 50 Barb. 280 ; *Pynchon* v. *Day* (Ill.) 22 Rep. 234 ; but if such irrelevant matter cannot be separated, the party must produce the whole, *Carew* v. *White,* 5 Beav. 172.

What constitutes such a refusal to allow an inspection as justifies the court in allowing a *mandamus, Rex* v. *Wilts Co.,* 3 Ad. & El. 477.

How far false entries, made by an officer who has absconded, affect the rights of petitioner who dealt with such officer, *bona fide*, as the representative of the corporation, *Central Nat. Bank* v. *White,* 5 Jones & S. (N. Y.) 297 ; or false statements by the directors to a purchaser as to the value of the stock, *Union Nat. Bank* v. *Hunt,* 76 Mo. 439.

In an action against a corporation, the plaintiff is entitled to inspect all the minutes and entries in the company's books having reference to the subject in

Stettauer *v.* New York and Scranton Construction Co.

*Mr. C. Parker*, for complainant.

THE CHANCELLOR.

The case stated in the bill is that the New York and Scranton Construction Company was incorporated under the act " concerning corporations " in February, 1881, and carried on its business from the time when it was organized to about May 7th, 1882; that its assets were, from time to time, distributed among its stockholders in pursuance of resolutions of the board of directors, and that on the 7th of May, 1882, the president gave notice to the stockholders that, pursuant to a resolution of the board, the assets remaining in the treasury would be distributed ratably among the stockholders by the treasurer, at his office in New York, on and after that date, upon surrender, by the stockholders, of their stock certificates, and that a full exhibit of the financial affairs of the company had been prepared for the in-

litigation, *Hill* v. *Great Western R. Co.*, 10 C. B. (N. S.) 148; *Harrison* v. *Williams*, 3 B. & C. 162; *Burton & Saddler's Co.*, 31 L. J. (Q. B.) 62; *Sinclair* v. *Gray*, 9 Fla. 71; see *Hill* v. *Manchester Co.*, 5 B. & Ad. 866; *Rex* v. *Buckingham*, 8 B. & C. 375; *Imperial Gas Co.* v. *Clarke*, 7 Bing. 95; and it includes the agent, solicitor, counsel, or expert of the party asking therefor, *Hide* v. *Holmes*, 2 Moll. 372; *Blair* v. *Massey*, L. R. (5 Irish Eq.) 623; *Joint-Stock Discount Co.'s Case*, 36 L. J. Eq. 150; *Bonnardet* v. *Taylor*, 1 Johns. & H. 383; *Atty.-Gen.* v. *Whitwood*, 40 L. J. (Ch) 592; *Lindsay* v. *Gladstone*, L. R. (9 Eq.) 132; *Williams* v. *Prince of Wales Ins. Co.*, 23 Beav. 338; *State* v. *Bienville Co.*, 28 La. Ann. 204; *Ballin* v. *Ferst*, 55 Ga. 546; but see *Bartley* v. *Bartley*, 1 Drew. 233; *Summerfield* v. *Pritchard*, 17 Beav. 9; *Draper* v. *Manchester R. R.*, 3 De G. F. & J. 23; *West Devon Mine Case*, L. R. (27 Ch. Div.) 106; and a shareholder, who was also the solicitor of opposing litigants, was held to be so entitled, *Reg.* v. *Wilts Co.*, 29 L. T. (N. S.) 922; *Kingsford* v. *Great Western R. R. Co.*, 16 C. B. (N. S.) 761; but see *Hutts's Case*, 7 Dowl. Pr. 690; *Herschfield* v. *Clark*, 11 Exch. 712. In a few cases an inspection has been allowed where no litigation was pending, *Rex* v. *Lucas*, 10 East 235; *Rex* v. *Tower*, 4 Maule & S. 162; see *Morgan* v. *Morgan*, 16 Abb. Pr. (N. S.) 291.

In a bill alleging fraud on the part of the directors, whereby complainant, a stockholder, has been damnified, he may obtain such inspection. *Walburn* v. *Ingilby*, 1 Myl. & K. 61; *Stainton* v. *Chadwick*, 3 McN. & G. 575; see *Bassford* v. *Blakesley*, 6 Beav. 131.

On a verified petition by one shareholder, stating that a mine owned by the company was being worked at a loss, an inspection of the company's books was granted. *West Devon &c. Case*, L. R. (27 Ch Div.) 106. In a suit to

Stettauer v. New York and Scranton Construction Co.

spection of all stockholders at that office. It further states that since May 7th, 1882, the company has carried on no business, and has not exercised any of its franchises; that all its debts and liabilities are paid and discharged; that it has not been dissolved; that no exhibit of the financial affairs of the company was made, as promised in the notice, but that all that was exhibited was a so-called "trial balance" sheet, from which the complainant could not ascertain whether what the directors proposed to pay him was his full share, to which, as a stockholder, he was entitled; that for that reason he refused to take the offered dividend until he should have had an opportunity (for which he then applied) to examine the books, with the aid of a proper expert account-- ant; permission to do which the treasurer refused to give, alleg- ing that he was, in such refusal, obeying the orders of the board; that the bill stated that thereupon the complainant refused, and ever since has declined to take the dividend; that either soon

hold the directors of a life insurance company personally responsible for large losses alleged to have been sustained from moneys improperly paid on policies, an inspection was allowed, although plaintiff was said to have but a trifling interest in the company, and that he was desirous of injuring it, and had published prejudicial statements relating to the matters in his bill. *Williams* v. *Prince of Wales Ins. Co., 23 Beav. 338.* On a petition alleging that the petitioner held a large amount of the stock of a corporation, that, notwith- standing its prosperous business, no dividend had been declared for nine years, and charging malfeasance on the president and two of the directors, by which the principal part of the company's business had been diverted for their personal benefit, and its funds misappropriated, and further alleging that he had, at a stockholders' meeting, and at other times, asked for information touching the corporation's transactions, which requests had invariably been refused, and that he proposed to file a bill in equity against the corporation and its officers, for which purpose it was necessary that he should see the books and papers in order to state the facts correctly—a *mandamus* was issued for the production of such books and papers as contained. information upon the sub- jects specified in the petition, *Commonwealth* v. *Phœnix Iron Co , 105 Pa. St., 111.* Petitioner averred that a public notice to attend a stockholders' meet- ing "to vote upon the reduction of the capital stock, and upon other matters," and that the directors had concealed from him the true condition of the company's affairs, without a knowledge of which he could not vote under- standingly. *Held,* that he was entitled to the inspection. *State* v. *Bienville Co., 28 La. An. 204.*

Where a company was being wound up, an application on behalf of twenty-

Stettauer v. New York and Scranton Construction Co.

after, or shortly before that time, Mr. W. S. Dunn, the president, publicly promised, and pledged himself, to give the stockholders a full explanation, so that they could see for themselves that they had received, or were about to receive, all that was due to them as stockholders, but he never did so, although the complainant, from time to time, reminded him of his promise; that in February, 1885, the complainant and another stockholder united in a letter to the president, in which they reminded him of his promise, and requested him to give them an opportunity to examine the books with an expert accountant; that in reply he said that the request was a reasonable one; that he had, long ago, offered to give them full access to the books, and any information they desired; that he was no longer president, and had referred their letter to Mr. F. A. Potts, president of the New York, Susquehanna and Western Railroad Company, who had all the books and papers of the Construction Company; and added that

four out of eight hundred and fifty-six shareholders, who had associated themselves together for an investigation into the company's affairs, was allowed, with permission to employ an accountant to prosecute the examination of the books. *Joint-Stock Discount Co.'s Case, 36 L. J. Eq. 150;* see *Emma Silver Mining Co. Case, L. R. (10 Ch. App.) 194;* *People* v. *Lake Shore Road, 11 Hun 1, 70 N. Y. 220.*

A partner gave his executors power to continue his interest in the business for two years after his death. In an action by his infant son against them, an order for an inspection of the partnership books to prepare his complaint was granted on an affidavit that the executors had conspired with decedent's surviving partner, and had sold him the decedent's interest for less than its value &c. *Martine* v. *Albro, 26 Hun 559;* see *Hue* v. *Richards, 2 Beav. 305.*

In an action by a principal against his agent, for an accounting, an inspection, with copy, of the books and vouchers of the agent may be ordered to enable the plaintiff to frame his complaint. *Manley* v. *Bonnel, 11 Abb. N. C. 123;* see *Turner* v. *Bayley, 34 Beav. 105.*

In an action for breach of promise of marriage, the defendant, before pleading, was allowed an inspection of all the letters written by him to the plaintiff during the previous two years. *Stone* v. *Strange, 3 H. & C. 541;* see *Pope* v. *Lister, L. R. (6 Q. B.) 242;* *Chute* v. *Blennerhasset, 16 Irish C. L. ix;* *Glyn* v. *Caulfield, 3 Macn. & G. 463;* *Kerr* v. *Gillespie, 7 Beav. 572.*

An inspection will not be allowed to gratify mere idle curiosity, *People* v. *Walker, 9 Mich. 328;* nor because some of the books are necessarily kept in another state, where the main office is, in violation of a statute of Connecticut, *Pratt* v. *Meriden Co., 35 Conn. 36;* see *Sykes's Case, 10 Beav. 162;* *Ervin* v. *Oregon*

4

if Mr. Potts should not give them every facility which they might desire, in order to make a thorough examination, he would, if they would call upon him, see to it that such facilities be afforded to them; that they called upon Mr. Potts, who fixed a day (the 3d day of March then next) upon which they were to come to his office, accompanied by an expert accountant, to make the examination; that on that day they went, according to the appointment, to make the examination, but they were not permitted to do so; that Mr. Potts was absent, but his clerk handed them a note from Mr. Dunn to them, in which he said that at the suggestion of the attorney of the company, and in obedience to the request of prominent stockholders and officers of the company, who deemed the demand for an examination of the books, by an expert, an insult and a reflection upon them, he was induced to say that while they should personally have every opportunity they might desire to examine the books and records

R. R. Co., 22 Hun 566; Cain v. Pullen, 34 La. Ann. 511; nor to fish out a defence, Birmingham Co. v. White, 1 Q. B. 282; Imperial Gas Co. v. Clarke, 7 Bing. 95; see Hoyt v. Amer. Ex. Bank, 1 Duer 652; Shoe and Leather Assn. v. Bailey, 17 Jones & S. (N. Y.) 385; nor upon an allegation of belief that the company's affairs are being conducted improperly and the officers unduly chosen, and alleging mismanagement in some particulars not affecting petitioners, nor then in dispute, Rex v. Merchant Tailors' Co., 2 B. & Ad. 115; nor to furnish materials to the other side for a new trial, Pratt v. Goswell, 9 C. B. (N. S.) 706; nor to ascertain whether petitioner would better accept, with the other shareholders, what was offered her for her holding in an old company which was being wound up, rather than proceed with an arbitration, Glamorganshire Banking Co., L. R. (28 Ch. Div.) 620; nor to establish a justification in an action against the petitioner for libel imputing insolvency to the company, Metropolitan Co. v. Hawkins, 4 H. & N. 146; see Finlay v. Lindsay, 7 Irish C. L. 1; Collins v. Yates, 27 L. J. Exch. 150; Opdyke v. Marble, 44 Barb. 64; nor to examine all the books of the company for the preceding fifty years, because petitioner alleges that he is dissatisfied with the management of the company and with the accounts, and on other grounds, Reg. v. Grand Canal, 1 Irish Law Rep. 337; nor where the petition does not specify the particular books asked for, and the object of the petitioner in making the application to the officers, and also to the court, Reg. v. London and St. Catherine's Docks Co., 44 L. J. Q. B. 4; see Hunt v. Hewitt, 7 Exch. 236; Pepper v. Chambers, 7 Exch. 226; New England Iron Co. v. N. Y. Loan Co., 55 How. Pr. 351; Central R. R. v. Twenty-third St. R. R., 53 How. Pr. 45; Commrs. v. Lemly, 85 N. C. 341; Walker v. Granite Bank, 44 Barb. 39; nor whether certain allegations

Stettauer v. New York and Scranton Construction Co.

of the company at all convenient hours, such permission would not be given to any one accompanying them, nor to any expert specially employed; that that denial was not because of any apprehension whatever as to any transaction which had occurred in the history of the company, but simply because of a desire to resent a personal affront that seemed to be contemplated by the action of the complainant and his fellow-stockholders; and that if, in the course of a personal examination, they should have need of any explanation, he or the treasurer, if called upon, would cheerfully give it. The bill further states that afterwards, in the same month of March, the complainant wrote to the treasurer, and asked and received from him the before-mentioned "trial balance," and that, at about the same time, he met Mr. Potts, and remonstrated with him for denying the privilege he had formerly said he would accord, and Mr. Potts said that he had nothing to do with the matter, that he was simply the custodian of the books.

The suit is brought against the company and the directors, and the bill prays that it may be decreed that the directors were and are trustees of the property and books of the company for the stockholders; that being such they should make manifest to the stockholders, upon reasonable request, the particulars of the management of the property; that if it can be done without incommoding the management of the business and without involving loss or risk in the management, the directors should, on such reasonable request, admit any stockholder personally, or by his lawfully constituted

in the applicant's affidavit are true; nor whether he has documents in his possession relating to the matters in issue, *Rayner* v. *Almusen*, *15 Jur. 1060.*

The court may control the *manner* of the examination, *Williams* v. *Prince of Wales Ins. Co., 23 Beav. 338.*

An appeal was held to lie from an order granting a party leave to inspect and examine the books of a corporation, the appellant, *Thompson* v. *Erie R. R. Co., 9 Abb. Pr. (N. S.) 212; Lancashire Co.* v. *Greatorex, 14 L. T. (N. S.) 290; Oummer* v. *Kent, 38 Mich. 351; Commissioners* v. *Lemly, 85 N. C. 341.* See *Saxby* v. *Easterbrook, L. R. (7 Exch.) 207; Bustros* v. *White, L. R. (1 Q. B. Div.) 423; Clyde* v. *Rogers, 24 Hun 145; McCargo* v. *Crutcher, 27 Ala. 171; Sage's Case, 70 N. Y. 221.*

As to the costs of an inspection, see *Hill* v. *Philp, 7 Exch. 232; Davey* v. *Pemberton, 11 C. B. (N. S.) 629; Gardner* v. *Dangerfield, 5 Beav. 389.*—REP.

agent, attorney, servant or accountant, or with the aid of such person, to examine the books &c., and that no distribution of assets can bind the stockholder or release the directors unless the stockholder assents thereto. The bill also prays that the defendants may be required to give the desired account in this court, and bring the books &c. into court for examination, and that the directors may be required to pay the complainant his share of the assets. It also prays an injunction against Mr. Potts to prevent him from parting with the books &c. The defendants have demurred.

The case made by the bill is that the corporation has ceased to do business, although its term of existence has not expired, and that it has not been dissolved. It has paid its debts and divided its remaining assets among the stockholders. The complainant has demanded permission to examine the books with the assistance of an expert accountant, and the permission has been refused, so far, but only so far, as to deny him the aid of the accountant. In extending to the complainant leave to examine the books himself, without the assistance of an expert accountant, the president tendered the aid of himself and the treasurer to give all necessary or desired explanation in the course of the examination. There is no allegation that the complainant is not competent to examine the books for himself. There is no charge of fraud or mistake or of mismanagement of the affairs of the company. Nor (it may be remarked in passing) is it averred that the demand was made upon the board of directors, the members of which are made defendants with the company, though it is stated that they have deposited the books with Frederic A. Potts, as their agent, and that the complainant has demanded from each one of them the privilege of examining the books, but it has been denied.

The general jurisdiction of this court over corporations does not, in the absence of express statutory authority, extend to the power of dissolving them, nor does it include the power of winding up their affairs except under peculiar circumstances.

The rights and duties of corporations are in general regulated by the common law; but where there is no plain and adequate remedy at law, and a case is presented which calls for equitable

relief, a suit in equity may be maintained. To induce this court to interfere with the management of the affairs of a corporation or to justify it in so doing, there must be some special equitable reason, some wrong done or about to be done, for which the law will not afford adequate redress, as in *Cramer* v. *Bird, L. R. (6 Eq.) 143,* where a company was extinct, and the directors had a surplus of assets after paying the debts, which they refused to distribute. It was there held that a suit in equity might be maintained to compel distribution. In this case it is not averred that the complainant has been or is about to be defrauded in the distribution of the assets. He does not allege that the portion set off to him in the final distribution is not his full share of what was then divided, or that what was set off to him in the former distribution was not his full proportion of the assets which were then distributed. What he says is that he does not know whether he has been defrauded or not, and cannot say whether he has received his full share in the former distributions, or whether what has been set off to him in the last one is or is not his full share. To ascertain how the fact is, he wants an opportunity to examine the books and papers of the company, with the aid of an expert accountant. So that, until he shall have examined the books, he cannot say whether he has been aggrieved or not in the distributions. It may be that upon such examination it will be found that he has no ground of complaint on that score. He does not allege that any unlawful act has been done in the management of the affairs of the company, nor that any is meditated. Clearly his only ground of complaint, and only claim to relief now, is that he has been refused permission to examine the books with the aid of an expert accountant. But that alone is not a ground for equitable interference. The law furnishes him with an adequate remedy in the writ of *mandamus. High Ex. Rem.* § *308; Rosenfeld* v. *Einstein, 17 Vr. 479.*

It is urged on his behalf that the legislature, by the fiftieth section of the act concerning corporations (*Rev. p. 186*), has conferred upon this court power to compel the production of the books of a corporation. But the power conferred by that section is granted in the special case of a corporation of this state

unlawfully keeping its books out of the state. The authority thus given is to be exercised in a summary way and in a special case. It is conferred not only upon the chancellor, but also upon the chief-justice and each of the associate justices of the supreme court. It cannot properly be construed to confer upon this court any power over corporations which it did not possess before the passage of the act, except that which is specifically given. The act is indeed a remedial law, and it must, notwithstanding its penal character, be construed liberally (*Huylar* v. *Cragin Cattle Co., 13 Stew. Eq. 392*), but it will not admit of such a construction as to confer upon this court the power to compel the production of the books of a corporation for inspection and examination in cases not contemplated by the act. This court has, of course, power to compel such production for the purpose of obtaining evidence to be used in a cause; but the object of the application here is to ascertain whether there is any ground of complaint in reference to the conduct of the directors, against whom no charge is made nor any imputation cast. No reason is presented for calling them to an account in this court, except the allegation that they deny the complainant's right to have the aid of an expert accountant in his examination of the books, and accordingly, refuse to permit him to examine the books, unless he do it without such assistance. The complainant sues for himself alone to obtain permission to examine the books with professional aid, to see whether he has cause of suit or not. Should an opportunity be accorded to him, and should he fail to discover any fraud or mistake or culpable mismanagement, this suit would be at an end. Should he find such ground of relief, he would be compelled to amend his bill, in order to introduce it. The law gives him an adequate remedy to enable him to discover whether he is aggrieved or not. If he shall find that he is aggrieved, this court will be open to him. The demurrer will be allowed.