NOBLE B. JUDAH, as Assignee etc. of Eben J. Marsh, Respondent, *against* CHARLES H. LANE, Appellant.

(Decided December 5th, 1887.)

On an application for the examination of defendant before trial, under sections 872 and 873 of the Code of Civil Procedure, in an action to recover for a breach of trust in the purchase and sale of stocks and grain, it appeared that defendant, as broker for plaintiff's assignor, bought and sold stocks and grain for him on his paying a margin as security; that defendant rendered accounts of his operations, which plaintiff claimed were false, alleging that defendant charged a greater than the market price for stocks and grain purchased and a less than the market price of stocks and grain sold, and also charged for stocks bought and sold when no transaction ,in fact was had. Plaintiff's affidavits were not controverted. *Held*, that the allegations in such affidavits must be taken *pro confesso*, and that plaintiff was entitled to an order for defendant's examination; the fact that the moving papers alleged the existence of facts which, if established, might entitle plaintiff to more than one cause or ground of action, was not a valid objection; nor could defendant evade the examination on the ground that its tendency might be to criminate him or make him liable to a penalty or forfeiture, as such privilege can only be pleaded to a particular question at the time it is asked.

Judah *v.* Lane.

APPEAL from an order of this court granting an examination of defendant before trial.

The facts are stated in the opinion.

*T. Henry Dewey*, for appellant.

*William A. Jenner*, for respondent.

LARREMORE, Ch. J. — This is an appeal from an order granting an examination of the defendant before trial, under sections 872 and 873 of the Code. The summons was served, but plaintiff desires such examination in order to frame his complaint. Defendant endeavored to vacate the order originally granted, but solely upon plaintiff's papers, and without denying the allegations of plaintiff's affidavits or offering anything in answer thereto. Plaintiff's affidavits must therefore be taken as true, and they make out one of the most meritorious cases for the relief demanded, that has ever come to my notice. Plaintiff is assignee for the benefit of creditors of one Eben J. Marsh, residing in Chicago, Illinois. During the spring of the present year, the plaintiff's assignor employed defendant to purchase and sell for him as his broker various shares of railroad stock and bushels of wheat. Plaintiff's assignor paid to defendant various sums of money which it was understood should be used as margin to protect defendant in such transactions. Defendant rendered reports of such alleged operations, the final result of which was that said assignor suffered losses aggregating more than $150,000. Plaintiff now charges the most flagrant irregularities on defendant's part. The latter is accused, among other things, of representing that he made purchases and sales for Marsh's account, when no such sales took place, and the records of the Stock and Petroleum Exchanges are cited to corroborate such accusations. Defendant is not a member of the Stock Exchange and he has been suspended from membership in the Petroleum Exchange. Defendant is accused of charging plaintiff's assignor with more than

the market price of stocks bought and allowing him less than the market price for stocks sold. · This is the case with transactions involving large amounts, and plaintiff's assertions are borne out by all the facts he has been able to discover. It is needless to cite all the particulars of defendant's alleged breach of trust. It is of the most heinous character and must be taken *pro confesso* (*Lefferts* v. *Brampton*, 24 How. Pr. 257; *Thompson* v. *Erie R.*, 9 Abb. N. S. 212).

The objections offered to this application are of the most · technical and frivolous character.

1. A cause of action is abundantly set forth by the affidavits. It is no valid objection to an application of this kind that the moving papers allege the existence of facts which if established will entitle the plaintiff to more than one cause of action, or more than one theory or ground upon which relief may be demanded. Because the result of the examination may be to give plaintiff his option of two or more forms of action, it would be the height of absurdity to argue that the application is defective because no cause of action is disclosed.

2. The facts rendering such examination material and necessary are amply set forth. Plaintiff is an assignee for the benefit of creditors. It appears that defendant has rendered to Marsh, the assignor, certain reports of the alleged operations for his account which plaintiff charges are false in many essential particulars. All the facts adduced tend to substantiate plaintiff's accusations and throw suspicion on defendant's accounts as rendered. Yet the only statement of the actual transactions is contained in defendant's books. The relations between Marsh and defendant were of a very confidential character. Defendant acted as Marsh's broker under a discretionary power to buy and sell, and is therefore the only person acquainted with the precise facts (see *Miller* v. *Kent*, 59 How. Pr. 321).

3: Defendant cannot evade this examination on the ground that its " tendency might be to criminate him or make him liable to a penalty or forfeiture." Undoubtedly, if any specific question were put on such examination, which

would, if defendant answered it, make him directly liable to an indictment for felony, he might plead his privilege, as on the trial of an action, in regard to that particular question. But a witness may not refuse to be sworn on the trial of an action because, in his opinion, the general tendency of his proposed examination will be to criminate him. Still less may a party in a civil suit refuse in advance to be examined before trial, in a case where under the law the opposite party is entitled to it, because the moving papers accuse him of fraudulent acts, and he fears that criminal liability may be divulged. This would be allowing him to make a shield of his confessed turpitude in a manner which the court could not sanction unless there were positive and explicit provisions of law to that effect.

It appears that the plaintiff has withdrawn the subpœna to produce books and papers, and, therefore, we do not at this time decide whether or not a *subpœna duces tecum* may lawfully accompany an order for the examination of a party before trial.

J. F. DALY and VAN HOESEN, JJ., concurred.

So much of the order as provides for the examination of the defendant before trial is affirmed, with costs.