GEO. W. LONG v. WILLIAM C. OXFORD, Executor.

*Statute Limitations — Costs — New Promise — Administration.*

1 A written acknowledgment, or new promise, certain in its terms, or which can be made certain, is sufficient to repel the operations of the statute of limitations, under section 172 of *The Code.*

2. When the Court found as a fact that the defendant executor for eleven years resisted payment of the debts sued on, because he doubted the genuineness of the acknowledgement, or new promise, set up by plaintiff in reply to defendant's plea of statute of limitations: *Held,* that the defendant might have had an inspection of the paper containing such alleged promise, and there was an unreasonable delay of payment, and the defendant was liable for costs.

This was a CIVIL ACTION, heard upon the report of referee before *Shipp, J.,* at the July Term, 1889, of ALEXANDER Superior Court.

The facts are stated in the opinion.

*Messrs. M. L. McCorkle D. M. Furches* and *F. L. Cline,* for the plaintiff.

*Messrs. R. Z. Linney* and *E. B. Jones* (by brief), for the defendant.

CLARK, J.: There are only two points taken by the defendant's exceptions.

*First Exception.*—Does the paper writing of September 5, 1876, have the effect of removing the statutory bar interposed by the defendant's answer against the plaintiff's right of recovery? The said writing is in the following words and figures, to-wit:

"Samuel Reed debtor to G. W. Long by book account for goods bought in 1859 up to the present date, amounting to two hundred and fifty dollars ($250) or upwards. I do this day acknowledge the debt, and will pay the same. This 5th day of September, 1876.

"SAMUEL $\overset{\text{his}}{+}$ REED.

mark

"Witness: W. W. DOWNS."

We think the new promise is sufficient. It is in writing, as required by *The Code*, §172. It refers to a book account for goods bought from 1859 to date, amounting to $250, or upwards. This is sufficiently certain by aid of the maxim "*id certum, quod certum reddi potest.*" *Smith* v. *Leeper*, 10 *Ired.*, 86. A mere vague declaration of an intention to pay an undefined amount, and without reference to anything that can make it certain, would not be sufficient, but an admission that "the parties are yet to account, and are willing to account and pay the balance then ascertained," would be. *Peebles* v. *Mason*, 2 Dev., 367.

*Faison* v. *Bowden*, 76 N. C., 425, relied on by appellant, differs from this. In that case the promise was indefinite in amount, and referred to nothing, either as to the nature of the debt, its consideration, or the time when contracted, by which it could have been made definite and certain.

*Second Exception.*—The defendant objected to the judgment against him for costs. Suit was brought in 1877, and the cause has been in Court ever since. The Judge below finds that "payment was unreasonably delayed," and adjudges that plaintiff recover costs. The finding of fact by the Court below is not reviewable, but were it otherwise we see no cause to doubt the correctness of his Honor's ruling. The plaintiff, at Spring Term, 1878, pleaded the new promise in reply to the defendant's answer, which set up the statute of limitations. The defendant knew that, under the statute, such new promise is required to be in writing. He could have procured an order for inspection of it if he doubted its genuineness. *The Code*, § 578; *McGibbony* v. *Mills*, 13 *Ired.*, 163; *Justice* v. *Bank*, 83 N. C., 8; *McLeod* v. *Bullard*, 84 N. C., 515. He did not do that, but for eleven years he has continued to resist payment. Surely this is unreasonable delay.

Affirmed.