TALBOT *v.* DORAN & WRIGHT Co., Limited.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

1. DISCOVERY—EXAMINATION OF PARTIES AND BOOKS BEFORE TRIAL.
   Plaintiff, suing to recover margins from an incorporated company of brokers, averred that defendant did not buy or sell any oil for him as directed, and demanded an examination of its officers and an inspection of its books, alleging it to be impossible, otherwise, to show that no purchases or sales were made. *Held*, as principal, he has a right to know whether his agent complied with his directions, in order to investigate the transactions preparatory to the trial; and in such case it is no objection that the examination would disclose whether he had any cause of action at all.

2. SAME—PROCEDURE.
   Where, upon a demand for inspection of the defendant company's books and examination of its officers before trial, it appears that the records to be inspected are unintelligible unless explained by the officers, a demand based upon affidavits under Code Civil Proc. N. Y. § 872, subd. 7, is sufficient. A proceeding by petition under section 805 is not necessary.

3. SAME—PLEADING—AFFIDAVIT.
   Where, in a suit to recover margins from an incorporated company of brokers, plaintiff avers that his orders to buy and sell were never executed, and alleges that it is impossible, otherwise, to show the fact, demands inspection of its books, and an examination of its president, vice-president, and secretary, these officers will be presumed to have knowledge of the transactions, and plaintiff need not allege such knowledge in his affidavits.

4. SAME.
   Where a principal, suing his agent, avers that his orders were never executed, and demands inspection of its books and an examination of its officers to determine that fact before trial, it is sufficient if the allegations of his affidavits are based upon information and belief.

Appeal from special term.

Action by Ashton B. Talbot against Doran & Wright Company, Limited. Defendant appeals from an order denying its motion to vacate an order for an

examination of its officers before trial, and for the production of its books and papers.

Argued before DALY and BISCHOFF, JJ.

*Shepard & Osborne*, for appellant. *Tracy, McFarland, Boardman & Platt*, for respondent.

DALY, J. The defendant corporation holds itself out as engaged in the business of broker, buying stocks, oil, etc., in the city of New York. The plaintiff, residing in Philadelphia, transmitted, through one Fleshman in that city, orders to defendant, in August, 1888, to purchase and sell oil for him on commission, depositing with Fleshman margins aggregating $5,900, all of which were received by defendant, less Fleshman's commissions. On August 31, 1888, the transactions were closed by an order from plaintiff to defendant to buy oil to close the account. Fleshman reported that it had been done, and that the plaintiff's loss was $5,403, and paid over to him $1,347 as a balance coming to him of the margins, less the loss. The plaintiff charges that the defendant did not buy nor sell any oil as ordered by plaintiff, and demands judgment for the $5,403, with interest from August 31, 1888. An examination of the officers of the defendant corporation and an inspection of its books is sought for, because, as plaintiff swears, it is impossible to show in any other way that the plaintiff's orders were not executed; also, for the purpose of showing that defendant is not a broker doing a legitimate business, but is merely engaged in gambling, etc.; also, for the purpose of proving that Fleshman is its agent.

The first objection made by defendant to the examination is that it is sought by plaintiff for the purpose of finding out whether he has a cause of action, and that examinations are never allowed for that purpose. *Lathrop* v. *Brown*, 5 Civil Proc. R. 101; *Kirkland* v. *Moss*, 11 Abb. N. C. 421; *Schepmoes* v. *Bousson*, 1 Abb. N. C. 485; *Kaufman* v. *Herzfeld*, 1 How. Pr. (N. S.) 444. The cases first and last cited were similar to the present in that the examination sought was of parties who were stock or grain brokers, with respect to purchases and sales on account of a customer; and it was held that the examination could not be permitted when its object was to ascertain whether a cause of action or a counter-claim existed. But in the case of *Judah* v. *Lane*, 14 Daly, 308, where it was claimed that the defendant, as broker for the plaintiff's assignor, had bought and sold stocks and grain for him, and had rendered accounts which the plaintiff claimed were false, the general term of this court permitted an examination of defendant before trial. It was said in the opinion in the case that the allegations of fraudulent practices made in plaintiff's affidavit were to be taken as confessed, because the motion to vacate the examination was made upon the plaintiff's papers; also, that the plaintiff's accusations were substantiated by the facts set forth in his papers. But it is not necessary in order to obtain an order for examination that the plaintiff's alleged cause of action should be admitted, or that evidence in support of it should be set forth in the application for the order. The Code does not require it. Sections 872, 873. The case is an authority for permitting an examination of defendants for the purpose of ascertaining what dealings were actually had by the broker on account of his customers where the latter or his assignee brings an action for that purpose. This is in accord with the decision of the general term of the supreme court of this department in *Miller* v. *Kent*, 59 How. Pr. 322, where the examination of the defendants (brokers) as to purchases and sales of land for the plaintiff was allowed before trial in an action brought to compel an accounting. It was said by the court that "a commission merchant or broker has no right to conceal from his customer any portion of his business and dealings in relation to the property alleged to have been bought and sold; and where he withholds the fullest information on that subject the right to examination before trial, in an action

brought to recover alleged profits or to adjust the unsettled accounts, should be fully accorded." In both of the above cases, it might have been objected that the object of the examination was to ascertain whether plaintiff had a cause of action; but this objection cannot be sustained where the relation of the parties is that of principal and agent, as in the case of a customer and his broker. That relation existed between the plaintiff in this case and the defendant corporation.

The second objection to the examination is that there is no good reason for the examination of defendant's officers before rather than at the trial. This objection is not a good one where the fact to be determined is whether certain transactions were or were not had by an agent who has alleged them. The principal has the right to know the facts in advance of the trial, in order to investigate such transactions and make preparations for the trial.

The next objection is that there is no allegation in the plaintiff's affidavits that the officers of defendant sought to be examined have knowledge of the fact whether oil was or was not bought or sold by defendant for plaintiff. To this objection, it may be answered that the defendant, being a corporation, could only buy or sell through its agents; that the parties required to appear and submit to examination are its officers and agents, who are presumed to have transacted its business and to know what business it did or did not transact, and what orders it did or did not execute. If these officers (the president, vice-president, and secretary) do not know the facts because some other agent was employed in the transactions, they can state who that agent was. But nothing of the sort is alleged; and, as the books of the concern are to be produced upon the examination, and the transactions, if any, appear upon them, it is only necessary for the parties under examination to identify the entries, and testify what they know of the transactions represented by such entries.

This brings us to the next objection, that the affidavits do not show the facts necessary to support an order for the production and inspection of books and papers. Under the seventh subdivision of section 872 of the Code, the order for the examination of the officers of a corporation shall direct the production of books and papers as to the contents of which an examination or inspection is desired. This section applies to an examination "depending upon or auxiliary to oral examination," (*Levey* v. *Railroad Co.*, 53 N. Y. Super. Ct. 263;) and in such a case the practice as to inspection of books and papers under section 805 does not apply. Here the object of the inspection of the books is to assist the officers of the defendant company to answer respecting the matters in dispute, and to enable them, if they can, to identify the entries of transactions on plaintiff's behalf. As it is alleged that the name of the plaintiff does not appear upon the books, and that transactions on his behalf were designated and recorded under certain numbers, by which his orders were transmitted to defendants, it is manifest that an inspection of the books can be of no assistance without an examination of the defendant's officers; and this brings the case within subdivision 7, § 872.

The objection that the allegations of the plaintiff's affidavits are upon information and belief, and that there is mere suspicion or conjecture as a basis for the examination, is not a sound one, under the circumstances of this case. The plaintiff is entitled to the information he seeks from his brokers, and is not bound to make out a case against them as a condition of the examination. The case of *Central C. T. R. Co.* v. *Twenty-Third St. R. Co.*, 53 How. Pr. 45, applies to proceedings for inspection, solely. The order should be affirmed, with $10 costs. BISCHOFF, J., concurs.