HAEBLER et al. v. HUBBARD et al.

(City Court of New York, General Term. December, 1901.)

**1. BROKERS—ACTION BY PRINCIPAL—EXAMINATION BEFORE TRIAL—CONFIDENTIAL RELATIONSHIP.**

In an action by a principal against his agent or broker, who had discretionary power to buy and sell, plaintiff is entitled to full knowledge of anything in defendant's business that would benefit him, and is entitled to an examination of defendant before trial.

**2. SAME—LACHES.**

The plaintiff's right to an examination of defendant before trial is not lost by laches if the motion for an examination is made a reasonable time before trial.

Appeal from special term.

Action by Theodore Haebler and others against Samuel T. Hubbard and others. From an order vacating an order for the examination of defendants before trial, plaintiffs appeal. Reversed.

See 74 N. Y. Supp. 461.

Argued before McCARTHY, CONLAN, and SCHUCHMAN, JJ.

Nathan, Leventritt & Perham (Frederic E. Perham, of counsel), for appellants.

Hawkins, Delafield & Sturges (Eugene D. Hawkins, of counsel), for respondents.

McCARTHY, J. This is an appeal from an order vacating an order for the examination of the defendants before trial. We have examined with care the briefs presented by both sides, and are of the opinion that this order should be reversed. The position of the plaintiffs was one of principal, and the defendants were the brokers or agents. The plaintiffs had a right to know everything in the business of defendants that would be of benefit to them in their par-

ticular transactions with the defendants. The examination of the defendants in this case should have been allowed. Daly, J., in Talbot v. Dorin & Wright Co., 18 Civ. Proc. R. 315, 9 N. Y. Supp. 478, speaking of the opinion rendered in Miller v. Kent, 59 How. Prac. 322, says:

"It was said by the court that a commission merchant or broker has no right to conceal from his customers any portion of his business and dealings in relation to the property alleged to have been bought and sold, and where he withholds the fullest information on that subject the right to examination before trial in an action brought to recover alleged profits or to adjust the unsettled accounts should be fully accorded."

Again, the judge says:

"It might have been objected that the object of the examination was to ascertain whether plaintiffs had a cause of action, but this objection cannot be sustained where the relation of the parties is that of principal and agent, as in the case of a customer and his broker. The plaintiffs had the right to know, under their alleged agreement, such rate of interest upon defendant's said advances as themselves might from time to time pay upon accounts borrowed by them from time to time from other persons upon certificates of stock and other collateral."

See Judah v. Lane, 14 Daly, 308, 310.

The relations between Marsh and defendant were of a confidential character. The defendant acted as Marsh's broker under a discretionary power to buy and sell, and is, therefore, the only party acquainted with the precise facts. Judah v. Lane, supra. See, also, Miller v. Kent, 59 How. Prac. 321.

The second objection to the examination is that there is no good reason for the examination of the defendants before, rather than at, the trial. "This is not a good one when the fact to be determined is whether certain transactions were or were not had by an agent who has alleged them. The principal has a right to know the facts in advance of the trial, in order to investigate such transactions and make preparation for the trial." Talbot v. Dorin & Wright Co., 18 Civ. Proc. R. 315, 9 N. Y. Supp. 478. In the case at bar one of the reasons for the vacating of the order for examination before trial was on the ground set forth by Daly, J., in his opinion. He did not approve or sustain it. We are very clear that the authority cited (Dwight v. Insurance Co., 84 N. Y. 493) does not help the respondents, in regard to the question under discussion.

The other and more serious point is the one in regard to the laches of the plaintiffs in not having moved for the relief before. We think this was a substantial right, and, if made in time, or at any reasonable time before the trial, was enough. See Cox v. Stokes, 156 N. Y. 491, 511, 51 N. E. 316; Skinner v. Steele, 88 Hun, 307, 309, 311, 34 N. Y. Supp. 748.

From the foregoing, and after a thorough examination of cases cited in the briefs on both sides, we are of the opinion that this order appealed from should be and is hereby reversed, with costs, and the motion to vacate the order for examination of the defendants before trial is denied, with costs.

Order reversed, with costs, and motion to vacate order denied, with costs. All concur.