Miller agt. Kent.

---

# SUPREME COURT.

DARIUS MILLER and another, respondents, agt. ELMORE KENT, appellant.

*Examination of a defendant before trial — when order for should be allowed — Practice — Appeal — Code of Civil Procedure, section 873.*

Upon appeal from an order denying a motion to vacate a previous order, the appellate court should not listen to the objection that the order to show cause on such motion did not specify the irregularities or grounds upon which it was sought to set aside the original order, unless it appears that such objection was made in the court below.

Where, upon motion for the examination of a defendant before trial, the affidavit states enough to show the materiality of the examination,

other facts and conclusions stated by way of argument to show the materiality of testimony to meet alleged defenses should not, under the circumstances of this case, defeat the examination.

Where a broker or commission merchant withholds the fullest information to his customer in relation to property alleged to have been bought or sold, the right to examination before trial in an action to recover alleged profits or to adjust unsettled accounts should be fully accorded.

*First Department, General Term, July,* 1880.

THIS is an appeal by defendant Kent, from an order made by Mr. justice LAWRENCE denying a motion to vacate his order directing the defendant Kent to appear and submit to an examination under section 873 of the Code of Civil Procedure. This action was brought to compel the defendants, Poole & Kent, to account to the plaintiffs for the profits on certain large purchases and sales of lard which the defendants, Kent & Poole, between the 1st day of August, 1879, and the 16th day of January, 1880, made for account of the plaintiffs and others as their brokers and agents, under and in pursuance of an agreement annexed to and forming part of defendants' answer. In the course of these and other transactions, certain deposits of money and stocks were made with said Kent & Poole by plaintiffs. Since the 1st of October, 1879, plaintiffs have been importuning defendants to furnish an account of these purchases and sales, but the defendants, Kent & Company, have neglected and refused to render any account, except a general statement, in which they claim a balance due them of $11,000. But how, when and through what transactions that alleged indebtedness arose, the defendants refused to reveal. Plaintiffs are informed by all of the defendants (except Kent & Poole) that the profits upon the aforesaid purchases and sales amounted to over $200,000. In addition to those profits, Kent & Poole have obtained from plaintiffs, during the period covered by the transactions set forth in the complaint, $125,000 in cash, and more than $180,000 in shares of stock, for which they also refuse to account. The object of the examination is to ascertain on what days the several

Miller agt. Kent.

purchases or sales of lard, which the defendants say they made for plaintiffs' account, were made. By whose authority they were made, and at what price they were made, to whom the lard was delivered; from whom it was bought; and whether these several purchases or sales were made on credit or for cash.

*Adolphus D. Pape,* for respondent.

I. As the defendant seeks to vacate the order for the examination on the ground of irregularity, he must be regular in *his* proceedings. Defendant's order to show cause fails to state on what ground he claims the order should be vacated. If defendant in his papers does not point out the irregularity, the order cannot be vacated for that reason (*Barker* agt. *Cooke,* 40 *Barb.,* 254; *Selover* agt. *Forbes,* 22 *How.,* 477; *Perkins* agt. *Mead,* 22 *How.,* 476; *Lewis* agt. *Graham,* 16 *Abb.,* 126; *Roche* agt. *Ward,* 7 *How.,* 416). The defect is not cured by setting forth the irregularity in the affidavit (*Montrait* agt. *Hutchins,* 49 *How.,* 105).

II. The order should be affirmed on the merits. The affidavit of Gould sets forth five grounds on which they ask to vacate the order. The answer to the first ground specified in Gould's affidavit is, that the testimony sought, is to be used on the trial, and also to prepare for the trial, he being the only one from whom the information can be obtained. We refer to the affidavit of Nathan G. Miller, which discloses the object of the examination, and the grounds stated are sufficient. To his second ground we answer by saying that we only showed the statements and the general conduct of Kent in the transaction, and that in order to get at the truth we desire to examine him under oath. The rule that where a party calls a witness on his own behalf he must assume him worthy of belief will apply to this case. As to the third ground, we reply that it is frivolous, and the defendants' counsel did not press it on the argument, and as he has not printed the answer he has waived it. The substance of the answer is

given.  As to the fourth ground it is only necessary to state that every attempt to examine the defendant has been resisted.  It would be useless to examine defendant in any other manner than under an order of the court.  The rebutting affidavit clearly shows why the alleged offer was not accepted.  As to the fifth ground, we reply that the Code makes no distinctions between the actions in which an examination can be had.  Before an accounting can be had plaintiffs must establish a cause of action.  To assist them in this they desire Kent's testimony.  Instead of calling him on the trial they avail themselves of the right of calling him before trial.  An examination can be had in an action for an accounting (*Livingston* agt. *Curtis*, 12 *Hun*, 121).

III. The affidavit on which the order for the examination was granted is sufficient, for it shows: 1. The names of the parties with their addresses, as well as the names of the attorneys.  2. That an action is pending.  The nature of the action and the nature of the judgment demanded.  3. How the examination is material and necessary.  4. The nature of the testimony sought.  5. That the information is within the defendants' knowledge, and not within the knowledge of plaintiffs.  6. That it is sought to enable plaintiff to prepare for the trial.  7. It also shows the duty of defendant to give plaintiff the information.  His offer to do it, and refusal to make good his offer.  His efforts to conceal that information and his bad faith in refusing to render his accounts, and his inexcusable conduct in the whole course of the proceeding.

IV. The following cases illustrate and support the right of the plaintiff to the examination (*Livingston* agt. *Curtis*, 12 *Hun*, 131; *O'Reilly* agt. *W. U. Tel. Co.*, 12 *Hun*, 124; *Glenny* agt. *Stedwell*, 1 *Abb. N. C.* 327; *Shepmois* agt. *Bousson*, 52 *How.*, 401).

*L. A. Gould*, for appellants.

DAVIS, *P. J.* — An order was made in this case by Mr. justice LAWRENCE, requiring the defendant Kent to appear and

be examined as a party before trial, under section 873 of the Code of Civil Procedure. A motion was afterward made at special term, at chambers, to vacate the order of examination, which motion was denied, and from the order entered upon such denial this appeal was taken. The point was made on this appeal that the order to show cause on this motion did not specify the irregularities or grounds upon which it was sought to set aside the original order, and that, for that reason, the order appealed from should be affirmed; but it does not appear that any such objection was made or suggested in the court below, and it does appear that the motion was heard and disposed of upon the merits. Under such circumstances the appellate court should not listen to the objection, because if made below it might readily have been obviated by allowing the statement of such irregularities to be inserted in the notice, and granting a new order to show cause upon the spot.

On looking into the merits of the motion upon the papers presented we are satisfied that the plainfiff was entitled to the examination. Issue had been joined and the case was ready for trial as between the parties to the issue. Enough was stated in the affidavit to show the materiality of the examination. Other facts and conclusions were stated, by way of argument, tending to show the materiality of the testimony as a matter of preparation to meet the alleged defenses, but that fact should not, under the circumstances of this case, defeat the examination. The plaintiffs show to our satisfaction that they could not get such an account of the transactions of the defendants, alleged to have been made on their behalf, as they were clearly entitled to. A commission merchant or broker has no right to conceal from his customer any portion of his business and dealings in relation to the property alleged to have been bought and sold; and where he withholds the fullest information on that subject, the right to examination before trial in an action brought to recover alleged profits, or to adjust the unsettled accounts, should be fully accorded. We are not at all satisfied with the good faith of the alleged proffers of

the examination of the defendants' books, &c. The disingenuousness of the attempt thus to defeat the examination of defendant as a witness must have struck the court below as it does this court. We think the order should be affirmed, with ten dollars costs and disbursements.

Order affirmed.

BRADY and BARRETT, JJ., concur.