## DALEY v. HELLMAN et al.

*(Supreme Court, General Term, Second Department. December 24, 1891.)*

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

A change of venue for the convenience of witnesses will not be granted where it does not appear that such change will be for the convenience of the witnesses, though defendants and all but one of their witnesses reside in the county to which the venue is sought to be changed, and the cause of action arose there.

Appeal from special term, Queens county.

Action by Michael T. Daley against Theodore Hellman and Emil Corbbach to recover treble damages, under Code Civil Proc. §§ 1900. 1901, for the vexatious continuance of an action without consent of the plaintiff therein. Defendants moved that the place of trial be changed from the county of Queens, in which the action was brought, to the county of New York, where the cause of action arose, and where defendants and all but one of their witnesses resided, and the papers in such former action were filed. The motion was denied, and defendants appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Seligman & Seligman, (Eugene Seligman,* of counsel,) for appellants. *Henry Cooper* and *Howard A. Sperry,* for respondent.

DYKMAN. J. This is an appeal from an order denying a motion to change the place of trial from the county of Queens to the county of New York for the convenience of witnesses. As a general rule, motions to change the place of trial from any of the counties in the second judicial district to New York are denied, because such change not only fails to subserve the convenience of witnesses, but imposes great inconvenience upon parties. In this particular case the order was fully justified by the affidavits, and the convenience of both witnesses and parties will be promoted by a trial at Long Island City, in Queens county, instead of New York. The order should be affirmed, with $10 costs and disbursements. All concur.