Cornelius S. Bushnell, Appellant, v. William W. Durant, Respondent.

*Place of trial not changed for the convenience of expert witnesses.*

Expert witnesses are not the witnesses whose convenience is to be consulted by changing the place of the trial of an action. They are usually paid for their services in addition to the ordinary witness fees, and are presumed to be compensated for their inconvenience in attending the trial.

Upon a motion by the defendant in an action to change the place of trial thereof, on the ground of the convenience of witnesses, from the county of New York to the county of Hamilton, it appeared that the defendant, though a resident of Hamilton county, had an office in the city of New York where the transaction which it was sought by the action to have declared invalid occurred, and where, besides the plaintiff, three other persons, stated to be the only other witnesses to the transaction, also resided.

*Held,* that an order changing the place of trial from New York to Hamilton county was erroneous and should be set aside on appeal.

Appeal by the plaintiff, Cornelius S. Bushnell, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of October, 1894, granting the defendant's motion to change the place of trial from the county of New York to the county of Hamilton for the convenience of witnesses.

*E. R. Johnes,* for the appellant.

*H. W. Simpson,* for the respondent.

Per Curiam :

The action is brought to procure a judgment directing a reassignment of certain interests in a bond and two mortgages made by the

Adirondack Company to one Enoch H. Rosekrans, and secured by certain lands situated in the counties of Hamilton, Franklin, Saratoga, Essex, Herkimer, St. Lawrence, Jefferson and others in the State of New York, which interests plaintiff alleges were conveyed for a grossly inadequate price because of certain fraudulent representations made by the defendant as to the value of the lands upon which the mortgages were a lien. The answer of the defendant is a general denial and the Statute of Limitations.

The defendant moved to change the place of trial on account of the convenience of witnesses. On this motion the defendant has given the names of seven expert witnesses selected by him, by whom, as he swears, "he *expects* to prove" the value of the lands upon which the mortgages in question were a lien. To offset what the defendant thus expects to prove the plaintiff names eleven witnesses, three of whom, he states, were engaged in negotiations with the defendant in relation to Adirondack lands, the other eight being claimed to be experts familiar with the value of the lands in question.

It does not seem to us that expert witnesses are the witnesses whose convenience is to be consulted by changing the place of trial. They are usually paid for their services in addition to the ordinary witnesses' fees, and, therefore, are presumed to be compensated for their inconvenience; besides, if the place of trial were to be changed because of the convenience of such witnesses, why might not a party name any number, not only six, but sixty, merely for the purpose of procuring an order of removal?

It appears that the defendant, though a resident of Hamilton county, has an office in this city, where the transaction sought to be invalidated occurred, and where, besides the plaintiff, three other persons, stated to be the only other witnesses to the transaction, also reside. Although the plaintiff claims to have more expert witnesses than the defendant, if we assume the number on each side to be the same, it would appear that the principal transaction took place, and all the witness acquainted with the facts reside, in this city (New York), except the defendant, and that he has an office here. Upon this showing, we think, the court below erred in its conclusion, and that this General Term has the right to correct such error.

It will be noticed that in regard to the expert witnesses it is not stated that they will testify as to the value, the statement being that the parties *expect* to prove by such witnesses the value of the lands in question. This leaves the affidavits open to the criticism pointed out in the case of *Thurfjell* v. *Witherbee* (70 Hun, 401), where, in regard to similar affidavits used upon a like motion, it was said: "This motion is founded and resisted on great expectations." Outside of the experts, as the transaction occurred here, where all the witnesses to the transaction, except defendant, reside, and as the defendant has an office here, we think that these considerations should, upon the merits, determine the question in plaintiff's favor.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Present — Van Brunt, P. J., O'Brien and Parker, JJ

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.