(15 App. Div. 92.)

## ADRIANCE, PLATT & CO. v. COON.

(Supreme Court, Appellate Division, Second Department. March 16, 1897.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.
   Venue will be changed to the county where the transaction sued on occurred (the sale of a machine to defendant) where the issue was whether the machine was of good material and workmanship, and plaintiff proposed to prove by its witnesses residing in the county where the action was brought only that all materials used by plaintiff in the manufacture of its machines were carefully inspected, and all rejected that were poor or doubtful, and that all its machines were constructed with due and proper care; such evidence not being material to the issue.

2. SAME—EXPERT WITNESSES.
   The convenience of expert witnesses will not be considered in changing the place of trial.

Appeal from special term, New York county.

Action by Adriance, Platt & Co., a domestic corporation, against Aaron Coon, for the price of a reaping machine sold by plaintiff to defendant. From an order denying a motion to change the place

of trial from the county of Dutchess to the county of Cattaraugus, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

N. M. Allen, for appellant.

Charles F. Brown, for respondent.

HATCH, J. The action is brought to recover the purchase price of a certain machine used for reaping grain, and called a "binder and bundle carrier." The complaint alleged that the contract of sale was in writing; that plaintiff had fulfilled the contract upon its part, and that the defendant had made default in payment in accordance with the terms of the contract, for which judgment was demanded with interest. The defendant answered by a denial putting in issue the execution of the contract, and further answered by averment that plaintiff's agent offered to sell the said machine to the defendant, and at the time of such offer represented to the defendant that said machine was well built, of a steel frame, stout and strong, and fit to do the work of reaping and binding as well or better than any machine made; that, if the defendant would take it, and try it, if it did not work to suit him, the plaintiff would take it away, and, if it did suit him, and he concluded to purchase the same, he could do so upon the terms stated. The answer further avers that the defendant received and tried the same; that the same was not as represented, but was faulty in construction, made of poor and imperfect material, and did not work to suit him, or comply in any respect with the recommendations given to it, and that defendant could not use it to advantage for the purposes for which it was constructed; that, after trying the same, and finding that he could not use it to advantage or profit, the defendant notified the plaintiff that he would not purchase said machine, and requested the plaintiff to remove the same from his premises.

It is conceded that whatever arrangement was made—whether a written contract of sale or a conditional agreement—took place and was consummated in the county of Cattaraugus. It is also conceded that the defendant did not sign the written contract of sale. But plaintiff's claim is that the contract was in fact signed by plaintiff's agent, Wilbur, in pursuance of a direction given by the defendant so to do. It was the view of the learned judge below that, if the issue raised by the pleadings related alone to the execution of the written contract of sale, then the issue would properly be triable in Cattaraugus county. This view is undoubtedly correct, and we are therefore to see if the issue relating to the quality of the machine, which, as we have seen, is raised by the pleadings, so far changes the condition as to call for the retention and trial of the action in Dutchess county. It is a general rule in transitory actions that the trial is usually to be had in the county where the transactions took place, and when this fact is supplemented by the residence in such county of an equal number, or about an equal number, of material witnesses to the transaction, the place of trial will be held to be in such county, although an equal number of

44 N.Y.S.—19

witnesses reside elsewhere. Hausmann v. Moore, 7 App. Div. 459, 39 N. Y. Supp. 1089; Smith v. Mack, 70 Hun, 517, 24 N. Y. Supp. 131; Payne v. Electric Co., 88 Hun, 250, 34 N. Y. Supp. 657; Wright v. Burritt (Sup.) 17 N. Y. Supp. 645. There may be special circumstances in particular cases which will call for the application of a different rule. But we do not find such circumstances present in the case now before us. It appears by the papers submitted in opposition to the motion that plaintiff has 17 witnesses who reside in the county of Dutchess, and which it is alleged are necessary and material witnesses upon the trial of the action. Of this number it is proposed to be proved by seven that repeated inspections of stock as it passes into the process of manufacture of machines in plaintiff's manufactory is had, and all poor and doubtful stock, whenever found, is condemned, and thrown out; by two others that only perfect stock is packed as parts of reel arms for binders, so far as good inspection can ascertain. It is thus seen that nine of the witnesses are only material to establish good inspection of material, care in process of manufacture, and the rejection of imperfect and doubtful material which might enter into the structure of the machine. This testimony simply relates to the establishment of due and proper care in the construction of the machine. None of these witnesses are expected to testify with respect to the particular parts of the particular machine which is the subject of this controversy. This testimony is doubtless admissible upon a trial of the issues, but its bearing upon the real issue of the character of the material used in the construction of this machine is quite remote. It would be quite easy to have increased the number of the witnesses in this particular line by embracing the kind of material used, and extending the care of inspection back to the original tree from which the timber was taken. The machine itself is still in existence, and its locus is in the county of Cattaraugus, and it can be made the subject of present inspection, and the character of the material used therein can be definitely ascertained. For this purpose not a single witness is necessary to be called from the county of Dutchess. Besides, the defendant has offered to stipulate all that can fairly be claimed the testimony of these witnesses will establish, so far as the same appears in plaintiff's affidavit. The learned judge below seems to have construed this testimony as showing that the machine was good, whereas its only effect is to show that plaintiff used such means and appliances as would produce a good machine. The inference might be derived therefrom that this was a good machine. But the inference is just as strong when the fact is admitted which is sought to be established by the evidence. Six of the other witnesses are to be called as experts to testify that machines constructed and set up as this machine was will operate properly, and, if they fail, it is due to the fault of the operator, and not to the improper construction of the machine. It was held in Bushnell v. Durant, 83 Hun, 32, 31 N. Y. Supp. 608, that expert witnesses are not those whose convenience is to be consulted in changing the place of trial. We see no reason why we should adopt any different rule in this case. This leaves two witnesses who are

necessary and material witnesses upon the trial, who reside in Dutchess county, and one of these is placed among the experts, so his testimony will be available upon that branch of the case,—Stephens, who tested and inspected the material that entered into this machine, and Johnson, who set up the machine upon the defendant's premises. Wilbur, the agent, upon whom plaintiff relies to establish the contract of sale, resides in the county of Erie, within 30 miles of the county seat of Cattaraugus county, and as to him it is distinctly to his advantage to have the trial in that county. It therefore appears from the papers that not only did the transaction sued upon arise in Cattaraugus county, but that the convenience of the greater number of witnesses will be subserved by having the trial in that county.

We are not blind to the suggestion that the determination of this motion is of more than usual importance in the subsequent disposition of this lawsuit, and for this reason we have carefully examined and considered the papers, and given such weight to the determination of the court below as we think it entitled to. But we are unable to resist the conviction that this motion was improperly disposed of. If plaintiff elects, the testimony of the witnesses who reside in Dutchess county may be taken by deposition, and the offer of the defendant to admit as stated in his affidavits may be availed of by the plaintiff.

The order should be reversed, with $10 costs and disbursements, and the motion should be granted, with $10 costs, to abide event of the action. All concur.