Henry McCready, Respondent, v. Friend C. Haight and I. Marshall Freese, Appellants (Two cases).— Orders affirmed, with ten dollars costs on one appeal and disbursements on both.— Appeal from an order denying the defendants' motion to vacate and set aside an order requiring the defendant Friend C. Haight to appear and submit to an examination before trial.—

PER CURIAM : This motion was properly denied  The case in all its substantial aspects falls within the decision in *Talbot* v. *Doran & Wright Co.* (16 Daly, 174). This case is also supported by other authorities. (*Miller* v. *Kent*, 59 How. Pr. 321 ; *Judah* v. *Lane*, 12 N. Y. St. Repr. 130.) These authorities are conclusive of plaintiff's right to have the examination asked for. The appeal from the order denying defendants' motion to change the place of trial from Queens to New York county, should also be affirmed. Nothing appears in the papers which requires us to interfere with the discretion of the court below in the denial of the motion. It has the support of authority. (*Daley* v. *Hellman*, 16 N. Y. Supp. 689.) The order in each case should be affirmed, with ten dollars costs in one case and disbursements in both. All concurred.

Lawrence Moffatt, Respondent, v. Howard N. Bailey, Appellant.— Judgment of County Court reversed, and that of the justice modified, by striking therefrom the direction that the complaint be dismissed on the merits, and as modified, affirmed, without costs in the County Court or of this appeal.— Appeal from a judgment of the County Court, reversing a judgment of a justice of the peace in favor of the defendant.—

PER CURIAM : We are of opinion that the plaintiff would have made out a good case had he proved that the contractor who built the defendant's house was still indebted to him (the plaintiff) for materials furnished. This he failed to do. To constitute an equitable assignment, a valuable consideration is essential and indispensable. (*Shaw* v. *Tonns*, 20 App. Div. 39.) The justice was, therefore, right in dismissing the complaint. The case, however, was simply one of failure of proof. and the judgment, so far as it directed that the complaint be dismissed on the merits, was improper. The judgment of the County Court should be reversed, and the judgment

of the Justice's Court modified by striking therefrom the direction that the complaint be dismissed on the merits, and as modified, affirmed, without costs in the County Court or of this appeal. All concurred.

Robert D. Barker and Frederick Bend, Appellants, v. Oscar E. A. Wiessner, Respondent.— Judgment affirmed, with costs. No opinion. All concurred.

Hattie A. T. Collins, Respondent, v. Andrew L. Taylor, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Elizabeth Hartmann, Respondent, v. Nassau Electric Railroad Company, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulates to reduce recovery of damages to $7,000 and extra allowance proportionately, and in case of such stipulation the judgment as modified, and order are unanimously affirmed, without costs to either party. No opinion.

Jacob Koehler, Jr., Respondent, v. Nassau Electric Railroad Company, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulates to reduce recovery of damages to $600 and extra allowance proportionately, and in case of such stipulation the judgment, as modified, and order are unanimously affirmed, without costs to either party  Bartlett, J., not sitting. No opinion.

Ruth Lansing, an Infant, by William H. Lansing, her Guardian ad Litem, Respondent, v. Coney Island and Brooklyn Railroad Company, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Bartlett, J., not sitting.

In the Matter of the Application of Emma L. Moller v. Isaac M. Marsh and Others, Commissioners.— Application granted.

The People of the State of New York ex rel. Adam Shuster v. William A. Humphrey and Others, Composing the Board of Commissioners of Police of the City of Poughkeepsie, N. Y.— Determination of commissioners confirmed, without costs. All concurred, except Bartlett and Hatch, JJ., dissenting. No opinion.

William Rushforth, an Infant, by Robert Rushforth, his Guardian ad Litem, Respondent, v. The Atlantic Avenue Railroad Company, Appellant.— Judgment and order unanimously affirmed, with costs.

Paul Halpin, Respondent, v. Mutual Brewing Company and Others, Appellants ; Thomas D. Coleman and Others, Respondents.— Order settled and signed.

# THIRD DEPARTMENT, DECEMBER TERM, 1897.

R. Singleton Peabody, Respondent, v. Julia F. Chandler, Appellant.— Judgment modified as per memorandum, and as so modified, affirmed, without costs to either party.—

PER CURIAM: It having been stated by counsel for the respective parties that they were willing that a passageway for the use of the plaintiff should run across the lands of the defendant, in front of the defendant's cottage, so that said cottage should not be interfered with, it becomes unnecessary for us to examine the different questions of law and fact presented in this case. What the one party desires, and the other party is willing to accede to, can be accomplished by a modification of the decree and judgment entered herein, by providing that a right of

way for the benefit of the plaintiff shall be extended in front of the defendant's cottage and piazza, so as not to interfere with said cottage and piazza of the defendant, and by striking from the judgment and decree appealed from that portion thereof which provides "That the defendant, Julia P. Chandler, forthwith remove from said right of way the cottage, piazza and any and all other obstructions therein or thereon," and that the judgment and decree, as so modified, be affirmed, without costs of this appeal to either party. In the event of the parties being unable to agree upon the form of the order or decree to be entered hereupon, such order shall be settled before Justice Herrick. All concurred.