and from an order denying a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

Henry Yonge, for appellant.

Nathaniel H. Clement, for respondent.

---

McCREADY v. HAIGHT et al. (two cases).

(Supreme Court, Appellate Division, Second Department.   November 30, 1897.)

1. EXAMINATION BEFORE TRIAL.

Where a broker, with whom a customer has deposited securities on margin, and who purports to have made purchases and sales on the customer's orders, refuses to render a detailed statement, showing dates, amounts, securities, names of persons through and with whom he had the alleged transactions, and other data for verifying his reports, he may, in an action by the customer or his assignee to recover the value of the collateral, and upon allegations that the alleged purchases and sales were fictitious, be required to submit to an examination before trial, even though plaintiff's allegations of fraud are made only upon information and belief.

2. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

As a general rule, motions to change the place of trial from any of the counties in the Second judicial district to New York county, on allegations relating to convenience of witnesses, are denied.

Appeal from trial term.

Action by Henry McCready against Friend G. Haight and I. Marshall Freese.   From an order denying defendants' motion to vacate an order requiring defendant Haight to appear for examination before

trial, and from an order refusing to change the cause of action, defendants appeal.    Affirmed.

The action was one to recover from brokers the value of securities deposited with them by a customer (plaintiff's assignor) as margin or collateral to secure them upon purchases and sales which were ordered by the customer, but which, as alleged on information and belief, never in fact took place. Plaintiff secured an order for the examination before trial of one of the defendant brokers, to ascertain the names of all the brokers with whom defendants dealt in buying and selling professedly for the account of plaintiff's assignor, and the particular securities thus purchased and sold, with dates and prices; whether the securities mentioned in the statements rendered by defendants were really held, purchased, and sold by defendants for that account, and the purchases and sales bona fide; and the names of defendants' employés who actually or professedly carried out the orders given by plaintiff's assignor. Defendants moved to vacate this order, and their motion was denied. The action was brought in Queens county, where plaintiff resided. Upon defendants' motion to change the place of trial to New York county, it appeared that the cause of action arose in New York City, where defendants carried on their business; that one defendant lived in that city, and one in Brooklyn, and defendants alleged that they had six necessary witnesses residing in New York City, and others in Brooklyn and New Jersey. Plaintiff's opposing affidavit alleged that his evidence would consist of his own testimony and that of his assignor, a resident of Connecticut, and the result of an examination before trial of defendants, their clerks, and their books. This motion was also denied.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

H. W. Simpson, for appellants.
George William Hart, for respondent.

PER CURIAM. This motion was properly denied. The case, in all its substantial aspects, falls within the decision in Talbot v. Doran & Wright Co. (Com. Pl.) 9 N. Y. Supp. 478. This case is also supported by other authorities. Miller v. Kent, 59 How. Prac. 321; Judah v. Lane, 14 Daly, 308. These authorities are conclusive of plaintiff's right to have the examination asked for.

The appeal from the order denying defendants' motion to change the place of trial from Queens to New York county should also be affirmed. Nothing appears in the papers which requires us to interfere with the discretion of the court below in the denial of the motion. It has the support of authority. Daley v. Hellman (Sup.) 16 N. Y. Supp. 689.

The order in each case should be affirmed, with $10 costs in one case, and disbursements in both.