(26 App. Div. 460.)

### NAVRATIL et al. v. BOHM.

(Supreme Court, Appellate Division, Second Department.   March 15, 1898.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.
> The place of trial of an action will not be changed from Queens county to New York county, under Code Civ. Proc. § 987, subd. 3, on the mere ground of the convenience of witnesses.

2. SAME—RESIDENCE OF PARTIES.
> Upon a motion to change the place of trial of an action from Queens county to New York county, it appeared that the cause of action arose in the latter county, that defendant resided and had resided there for more

than 35 years, and that at all the times mentioned in the complaint the plaintiffs had also resided there.  *Held*, that the motion was properly granted.

Appeal from special term, Queens county.

Action by Anton Navratil and Anna Navratil against Leopold Bohm. From an order granting defendant's motion to change place of trial, plaintiffs appeal.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Isaac Josephson, for appellants.
Edward Kaufmann, for respondent.

WILLARD BARTLETT, J.    The affidavit upon which the defendant moved to change the place of trial of this action shows that the motion was based solely upon the third subdivision of section 987 of the Code of Civil Procedure, which authorizes the court to grant such an application upon the ground that the convenience of witnesses and the ends of justice will be promoted by the change.    There was no demand, under section 986, that the change should be made because Queens county was not the proper county, and therefore no question arises as to whether the defendant was entitled to have the action transferred to the county of New York as a matter of right.  So far as the convenience of witnesses is concerned, it is well settled by a long series of adjudications in this department, beginning early in the present century, that the venue will not be changed from the county of Kings to the county of New York on this ground.    As long ago as 1805 the old supreme court said:    "The court house of the county of Kings is so contiguous to the city of New York that there is no hardship in carrying witnesses from one place to the other.    There is hardly a county in the state in which the witnesses who attend a trial do not travel further than they' will in the present suit."  Mumford v. Cammann, 3 Caines, 139. The existing court house in Queens county is little, if any, further from New York county, and the same rule has long obtained in regard to applications to change the place of trial from that county to New York on the ground of the convenience of witnesses.    Daley v. Hellman (Sup.) 16 N. Y. Supp. 689.    If, therefore, the record before us on the present appeal contained nothing more than the evidence intended to convince us that it would be more convenient for the witnesses in the case to attend a trial in New York than a trial in Queens county, we should feel constrained to reverse the order appealed from.    But there are certain facts set out in the moving papers, and not denied by the plaintiffs, which convince us that the ends of justice will be promoted by the change, and hence that we ought not to interfere with the order. It appears from the defendant's uncontradicted affidavit that the cause of action arose in the county of New York, that the defendant resides in that county, and has resided there for upwards of 35 years, and that at all the times mentioned in the complaint the plaintiffs were also residents of the county of New York.    Under these circumstances it is only just and proper that the controversy between these parties should be litigated and determined in the forum of the locality in which that controversy arose, and of which they are inhabitants, rather

than in a neighboring judicial district, where the courts are too fully occupied to sanction the unnecessary importation of litigations from other parts of the state.

Order affirmed.   All concur.