Theodore Haebler et al., Appellants, *v.* Samuel T. Hubbard et al., Respondents.

Appeal from an order vacating an order for the examination of the defendants before trial.

Nathan, Leventritt & Perham (Frederic E. Perham, of counsel), for appellants.

Hawkins, Delafield & Sturges (Eugene D. Hawkins, of counsel), for respondents.

McCarthy, J.  This is an appeal from an order vacating an order for the examination of the defendants before trial.  We have examined with care the briefs presented by both sides and are of the opinion that this order should be reversed.

The position of the plaintiffs was one of principal and the defendants were the brokers or agents.  The plaintiffs had a right to know everything in the business of defendants that would be of benefit to them in their particular transactions with the defendants.  The examination of the defendants in this case should have been allowed.  Daly, J., in Talbot v. Dorin & Wright Co., 18 Civ. Pro. 315, speaking of the opinion rendered in Miller v. Kent, 59 How. Pr. 322, says: " It was said by the court that, a commission merchant or broker has no right to conceal from his customers any portion of his business, and dealings in relation to the property alleged to have been bought and sold; and where he withholds the fullest information on that subject, the right to examination before trial in an action brought to recover alleged profits or *to adjust the unsettled accounts,* should be fully accorded."  Again the judge says: " It might have been objected that the object of the examination was to ascertain whether plaintiffs had a cause of action; but this objection cannot be sustained where the relation of the parties is that of principal and agent, as *in the case of a customer and his broker.*  The plaintiffs had the right *to know under their alleged agreement* such rate of interest upon defendant's said advances as themselves might from time to time pay upon accounts borrowed by them from time to time from other persons upon certificates of stock and other collateral."  See Judah v. Lane, 14 Daly, pp. 308, 310.

The relations between Marsh and defendant were of a confidential character.  The defendant acted as Marsh's broker under a discretionary power to buy and sell, and is, therefore, the only party acquainted with the precise facts.  Judah v. Lane, *supra.* See also Miller v. Kent, 59 How. Pr. 321.

The second objection to the examination is that there is no good reason for the examination of the defendants before rather than at the trial.  " This is not a good one when the fact to be determined is whether certain transactions were or were not had by an agent who has alleged them.  The principal has a right to know the facts in advance of the trial, in order to investigate such transactions and make preparation for the trial."  Talbot v. Dorin & Wright Co., 18 Civ. Pro. 315.  In the case at bar one of the reasons for the vacating of the order for examination before trial

was on the ground set forth by Daly, J., in his opinion. He did not approve or sustain it. We are very clear that the authority cited (84 N. Y. 493) does not help the respondents, in regard to the question under discussion.

The other and more serious point is the one in regard to the laches of the plaintiffs *in not having moved for the relief before.* We think this was a substantial right, and if made in time or at any reasonable time before the trial was enough. See Cox v. Stokes, 156 N. Y. 491, 511; Skinner v. Steele, 88 Hun, 307, 309, 311.

From the foregoing, and after a thorough examination of cases cited in the briefs on both sides, we are of the opinion that this order appealed from should be, and is hereby reversed, with costs, and the motion to vacate the order for examination of the defendants, before trial is denied, with costs.

CONLAN and SCHUCHMAN, JJ., concur.

Order reversed, with costs and motion to vacate order denied, with costs.