(66 App. Div. 204.)

### SPARKS v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Fourth Department. November 19, 1901.)

1. TRIAL—CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

In an action against a company for breach of a contract of employment, brought in the county where the principal transaction took place, it appeared that plaintiff's witnesses were workingmen living in the county, while nearly all of those of defendant were its own officers and employés, several of whom were unnecessary by reason of admissions, and the number of witnesses of each was practically the same. *Held,* that a refusal to change the venue of the action to the county of the defendant's situs for the convenience of witnesses was not such an abuse of discretion as to warrant a disturbance on appeal.

2. APPEAL—RECORD—QUESTION REVIEWABLE.

In the absence of matter in the record to indicate that any question as to sufficiency of affidavits for a change of venue was raised on the motion, such defect will not be considered on appeal.

Williams, J., dissenting.

Appeal from special term, Erie county.

Action by William K. Sparks against the United Traction Company. From an order denying a motion for a change of venue, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Albert Hessberg, for appellant.
Nelson T. Barrett, for respondent.

ADAMS, P. J. This action was brought to recover damages for an alleged breach of contract of employment, and the venue was laid in Erie county. The defendant's motion to change the place of trial to the county of Albany was based upon the ground of the convenience of witnesses, and also because the ends of justice would be promoted by such change. The rule which has governed this court in its consideration of appeals of this nature has been repeatedly declared to be that on a motion to change the place of trial of a transitory action for the convenience of witnesses, where it ap-

pears that the number of material witnesses required by each side is about the same, and that they will not be greatly inconvenienced by the trial of the action in either of two counties, the trial should be had in the county where the cause of action arose, or where the principal transactions took place. Hausmann v. Moore, 7 App. Div. 459, 39 N. Y. Supp. 1089; Kubiac v. Clement, 35 App. Div. 186, 54 N. Y. Supp. 773; Osterhout v. Rabe, 39 App. Div. 413, 57 N. Y. Supp. 336. In the present case the contract which lies at the foundation of the plaintiff's cause of action was entered into in the county of Erie, while its alleged breach occurred in the county of Albany. The defendant puts at issue the allegation in the complaint as to the making of the contract, its nature and extent, and it also denies that there was any breach thereof; but it is apparent, we think, that the principal transaction—that is, the one concerning which the main controversy arises, and the one which will require the greater number of witnesses—took place in the city of Buffalo at the time the contract in question was entered into. And while neither party shows any very decided preponderance of witnesses as absolutely essential and material upon this issue, those relied upon by the plaintiff to sustain his contention are mostly laboring men, who could not well attend court in Albany without serious pecuniary loss and inconvenience, while nearly all of the defendant's witnesses are its own officers and employés, several of whom become unnecessary by reason of the plaintiff's admissions in his opposing affidavits. This circumstance may well have influenced the court below to exercise its judgment and discretion in favor of the plaintiff, and, upon the assumption that such was the case, we do not feel disposed to interfere. The determination of a motion to change the place of trial on the ground of the convenience of witnesses often resolves itself into the exercise of the discretionary power of the special term, and when thus exercised it should not be disturbed by an appellate tribunal, unless it is made clearly to appear that there has been an abuse of that power. Fitzgerald v. Payn, 78 Hun, 38, 28 N. Y. Supp. 1033; Payne v. Electric Co., 88 Hun, 250, 34 N. Y. Supp. 657.

Some stress is laid by the respondent's counsel upon certain technical defects in the plaintiff's opposing affidavits, but, as there is nothing in the record to indicate that any such question was raised upon the motion, we do not feel at liberty to consider it now. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except WILLIAMS, J., who declines to concur in the affirmance of the order unless the plaintiff be required to make the stipulation as to the admission of facts which he offered in his opposing affidavits to make.