## QUINN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 20, 1903.)

1. VENUE—ORDER GRANTING CHANGE—RECITALS—APPEAL—CONSIDERATION ON. OTHER GROUNDS.

Where an order for a change of venue recites that it was granted on the ground of convenience of witnesses, on appeal from that order questions as to plaintiff's removal to the county in which action was brought, solely for the purpose of bringing the action there, are immaterial.

2. SAME—GROUNDS FOR CHANGE—CONVENIENCE OF WITNESSES.

The place of trial will not be changed from a rural county to either New York or Kings merely to subserve the convenience of witnesses. There must be other circumstances tending to indicate that justice will be promoted by the change.

3. SAME.

A motion for a change of venue on the ground of convenience of witnesses is not justified where, excluding the applicant's employés and experts, presumably specially paid for their time, the application is not based on a larger number of witnesses than those residing in the county of the original venue.

Goodrich, P. J., dissenting.

Appeal from Special Term, Westchester County.

Action by Winifred Quinn against the Brooklyn Heights Railroad Company. From an order changing the place of trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

John Willett, for appellant.
I. R. Oeland, for respondent.

HIRSCHBERG, J. The plaintiff resided in Westchester county at the time this action was commenced, and the action was brought in that county to recover damages alleged to have been occasioned by the defendant's negligence. The accident occurred in Kings county, and by the order appealed from the place of trial is changed to that county. It was charged in defendant's motion papers that the plaintiff resided in Kings county at the time of the accident, and that she subsequently removed to Westchester county in order to bring the action there. The charge is denied by the plaintiff, but whether it is a proper matter for consideration upon the motion, and the weight, if any, to be given to it if true, need not be determined, as the order appealed from recites that it has been "granted upon the ground of the convenience of witnesses." The order is in conflict with a long line of adjudications in this department, which determine that the place of trial will not be changed from a rural county to either the county of New York or the county of Kings merely to

subserve the convenience of witnesses. There must be other considerations arising from the circumstances of the case, and tending to indicate that the ends of justice will be promoted by the change. In Daley v. Hellman, 16 N. Y. Supp. 689, the General Term in the district now comprising this department declared it to be a general rule that:

"Motions to change the place of trial from any of the counties in the Second Judicial District to New York are denied, because such change not only fails to subserve the convenience of witnesses, but imposes great inconvenience upon parties."

This decision was approved and followed by this court in McCready v. Haight, 22 App. Div. 632, 48 N. Y. Supp. 39.

In Tuthill v. Long Island R. Co., 75 Hun, 556, 26 N. Y. Supp. 1029, the rule was practically reiterated. The court said (page 557, 75 Hun, page 1030, 26 N. Y. Supp.):

"It is very unusual to change the place of trial from the country to the city—either the city of New York or Brooklyn. The reason is that the court calendars in those cities are large, and the uncertainties of a trial are so great that a litigant whose witnesses reside in the country encounters delays and expenses which would ordinarily deter him from the pursuit of his rights. On the other hand, a cause upon the calendar of a country circuit can always be set down for trial for a day when it will be reached and tried. In that way the convenience of witnesses is best subserved, even though they all reside in the city in which the trial is sought to be had."

The principle was early adopted by this court in Brink v. Home Insurance Co., 2 App. Div. 122, 37 N. Y. Supp. 628. In that case the order denying a change of venue from Westchester to New York was affirmed upon the opinion of Mr. Justice Gaynor, delivered at the special term. He said (page 123, 2 App. Div., page 628, 37 N. Y. Supp.):

"It is the rule not to change the venue for the convenience of witnesses from any of the adjacent counties to New York county. The county seat of Westchester county is convenient to New York City. This case is not so exceptional as to cause a departure from the rule. The long distances in the country which necessitate changes of venue do not exist hereabouts. It cannot be said to be any grave inconvenience to go a distance which takes only an hour or less."

In Navratil v. Bohm, 26 App. Div. 460, 50 N. Y. Supp. 225, an order was affirmed by this court which changed the place of trial from the county of Queens to the county of New York. In that case, however, all the parties resided in New York, and the cause of action arose there, and in those facts the court found the demands of justice requiring the change. But Mr. Justice Bartlett said (page 461, 26 App. Div., page 226, 50 N. Y. Supp.):

"So far as the convenience of witnesses is concerned, it is well settled by a long series of adjudications in this department, beginning early in the present century, that the venue will not be changed from the county of Kings to the county of New York on this ground. As long ago as 1805 the old Supreme Court said: 'The courthouse of the county of Kings is so contiguous to the city of New York that there is no hardship in carrying witnesses from one place to the other. There is hardly a county in the state in which the witnesses who attend a trial do not travel further than they will in the present suit.' Mumford v. Cammann, 3 Caines, 139. The existing courthouse in Queens county is little, if any, further from New

York county, and the same rule has long obtained in regard to applications to change the place of trial from that county to New York on the ground of the convenience of witnesses. Daley v. Hellman [Sup.] 16 N. Y. Supp. 689. If, therefore, the record before us on the present appeal contained nothing more than the evidence intended to convince us that it would be more convenient for the witnesses in the case to attend a trial in New York than a trial in Queens county, we should feel constrained to reverse the order appealed from."

There is absolutely nothing in this case to remove it from the operation of this well-settled and long-established rule. With the possible exception of one witness, the defendant names physicians who are to testify as experts and its own employés. The convenience of the experts is not to be consulted, as this court held in Adriance, Platt & Co. v. Coon, 15 App. Div. 92, 44 N. Y. Supp. 288. In that case the decision in Bushnell v. Durant, 83 Hun, 32, 31 N. Y. Supp. 608, was followed, wherein one of the reasons assigned for the ruling was declared to be that, as the experts are paid for their services in addition to the ordinary witness fees, they are presumed to be compensated for their inconvenience. In Sparks v. United Traction Co., 66 App. Div. 204, 73 N. Y. Supp. 108, the court in the Fourth Department appears to have been influenced in the affirmance of an order denying a motion for a change of venue by the fact that the defendant's witnesses were its own employés. It would certainly not be fanciful to presume that the mutual interests growing out of the relation of master and servant would to some extent compensate the servant for the inconvenience involved in attending court and testifying in behalf of the master. The defendant's application is not based upon a larger number of witnesses than those residing in Westchester county, and relied on by the plaintiff, if those are excluded from the computation who come within the Adriance and the Sparks Cases, supra. The order, therefore, is neither justified by the law nor by the facts, and should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur, except GOODRICH, P. J., who dissents.