(117 App. Div. 898)

### BRADY v. HOGAN et al.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

VENUE—CHANGE—GROUNDS.

On a motion to change the place of trial of an action from Rockland county to New York county, it appeared that the action was for breach of contract made in New York City, to be performed there by parties engaged in business there. Plaintiff was an assignee, who resided in Rockland county, but who was in business in New York City, in the employ of the assignor. Defendants and all their witnesses were residents of the city of New York. Plaintiff showed that he proposed to call as a witness himself, another who resided in another state, and three others whose residence he did not disclose, but for whom it would be more convenient if they attended in Rockland. *Held* to require the granting of the motion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 67, 74, 76, 77.]

Appeal from Special Term, Rockland County.

Action by Arthur C. Brady against James Hogan and another. From an order denying a motion to change the place of trial, defendants appeal. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and RICH, JJ.

Samuel J. Rawak, for appellants.

M. B. Patterson, for respondent.

JENKS, J. This is an appeal by the defendants from an order denying their motion to change the place of trial from Rockland county to New York county. If the motion rested solely upon the convenience of the witnesses, we would not disturb the decision of the Special Term. But the record presents other facts which convince us that the motion should be granted.

The action is for breach of two contracts made in the city of New York, to be performed there. Those who made the contracts are engaged in business in the city of New York. It does not appear where they reside. This plaintiff, the assignee of the claim, although a bona fide resident of Rockland county, is engaged in business in the city of New York and is in the employ of his said assignors. The defendants and all their witnesses are residents of the said city of New York. The plaintiff only shows, in addition to his residence in Rockland county, that he proposes     call as a witness himself, another who resides in Orange, N. J., a.... three others whom he does not name, and whose residences he does not specify, but for whom he says it will be more convenient if they attend in Rockland, although he gives no reasons for the statement, save that they might be required to attend in New York for successive days until the case is reached, while the case can be stipulated for a day certain in Rockland.

In Navratil v. Bohm, 26 App. Div. 460, 50 N. Y. Supp. 225, the motion to change the place of trial from Queens to New York county was made under section 987 of the Code of Civil Procedure, and we held that the court, regarding the ends of justice, properly granted it, not upon the ground of the convenience of witnesses, but because it ap-

. peared that the cause of action arose in the latter county, that the defendant had resided there for many years, and the plaintiffs also resided there. The sole difference between the features which we thought were controlling in that case and the similar features of the case at bar is that residents of New York county have assigned their claims to a resident of Rockland county, who, however, is engaged in business in the city of New York, and in the employ of his assignors.

The order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur. ·