(57 Misc. Rep. 358.)

### BRADY v. COHEN.

(Supreme Court, Special Term, Westchester County. January, 1908.)

VENUE—CHANGE—CONVENIENCE OF WITNESSES.

Defendant moved to change the place of trial for convenience of witnesses. The affidavit showed that plaintiff was a resident of the county where the venue was laid, but that four out of seven of his witnesses resided in said county and only one in New York county, where the cause of action arose. *Held*, that the motion would be denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 76, 77.]

Action by Arthur C. Brady against Isidor L. Cohen. Motion to change place of trial. Denied.

Krakower & Peters, for motion.

M. B. Patterson, opposed.

MILLS, J. This is a motion made by defendant to change the place of trial from Rockland county, where the venue is laid, to New York county. The motion is made upon two grounds, viz.: (1) That upon the authority of the case of Brady v. Hogan, 117 App. Div. 898, 102 N. Y. Supp. 926, the ends of justice will be better served by having the trial in New York county than in Rockland county, because the cause of action arose in New York county (see Code Civ. Proc. § 987,

subd. 3) ; and (2) that the convenience of witnesses will be promoted by the change asked.

As to the latter ground, I do not think that, upon the facts, it is sufficient, within the established practice of this judicial district, to require such change to be made. The opposing affidavits show, not only that the plaintiff is an old resident of Rockland county, but also that of his·seven intended witnesses four are residents of that county, another a resident of Yonkers, in Westchester county, another of Orange county, N. J., and only one of New York county. It has long been considered to be the settled practice in the Second Department, at least in the counties comprising the present Ninth Judicial District, for such a motion to change the place of trial from one of these counties to New York county to be denied, except such change appears to be a matter of clear right. The counsel for the defendant upon this motion claims that the recent decision of our Appellate Division in the case of Brady v. Hogan, supra, should be here accepted as having changed such practice and as requiring this motion to be granted. It is true that the plaintiff in this case and the plaintiff in that case are the same person, and that in each case the plaintiff sues as assignee of a cause of action which arose in New York county out of dealings between parties doing business there. In that case, however, it appeared that the plaintiff was in the employment of his assignors. The inference, therefore, was strong in that case that the assignment was merely for the purpose of having the action brought in Rockland county ; and that the assignee, in bringing it there, was really acting in the interests of his employers. In this case the plaintiff does not appear now to be or ever to have been in the employment of his assignor ; and it further appears in this case, as it did not in that case, that the plaintiff took the assignment in good faith and for a valuable consideration, and absolutely without any condition. Moreover, in that case it did not appear that any of the plaintiff's proposed witnesses, except himself, resided in Rockland county ; whereas, in this case it appears that four of his proposed witnesses, beside himself, reside there. I think, therefore, that this case can be distinguished from Brady v. Hogan, supra, and that the motion to change the place of trial should be denied in accordance with the old practice in this district. In general the ends of justice will be secured by a speedy trial. It is well known that in Rockland county a trial can be obtained much sooner than in New York county, and strong regard may properly be given to this fact.

The motion to change the place of trial, as above stated, is denied.

Motion denied.