MILLS v. SPARROW et al.

(Supreme Court, Appellate Division, Second Department.   March 19, 1909.)

1. VENUE (§ 52*) — CHANGE OF VENUE OR PLACE OF TRIAL — CONVENIENCE OF
   WITNESSES.
       The place of trial of an action will not be changed from a rural county
   to either the county of New York or the county of Kings merely to sub-
   serve the convenience of witnesses.
       [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig.
   § 52.*]

2. VENUE (§ 52*)—CHANGE OF VENUE OR PLACE OF TRIAL—GROUNDS—ENDS OF
   JUSTICE—CONVENIENCE OF WITNESSES.
       Under the provision of Code Civ. Proc. § 987, requiring that the ends of
   justice must be promoted, as well as the convenience of witnesses, in or-
   der to justify a change of the place of trial, the ends of justice are best
   subserved in that venue where a speedy trial can be had.
       [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig.
   § 52.*]

3. VENUE (§ 68*) — CHANGE OF VENUE OR PLACE OF TRIAL — CONVENIENCE OF
   WITNESSES—AFFIDAVIT ON MOTION FOR CHANGE.
       On motion by defendants to change the place of trial from O. county to
   N. county, on the ground of convenience of witnesses, that plaintiff in his
   affidavit in opposition to the motion, stating that he had a number of wit-
   nesses in O. county, failed to give the names, addresses, and occupations
   of the witnesses, or to state that the testimony of the witnesses was ma-
   terial, was not a defect, where the convenience of the witnesses was not
   controlling.
       [Ed. Note.—For other cases, see Venue, Dec. Dig. § 68.*]

Appeal from Special Term, Orange County.

Action by Frank E. Mills against John I. Sparrow and another,
trading as Sparrow & Smith.   From an order denying defendants'
motion to change the place of trial from the county of Orange to the
county of New York, defendants appeal.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
RICH, and MILLER, JJ.

S. Marshall Kronheimer, for appellants.
Wilton Bennet, for respondent.

HIRSCHBERG, P. J.   The action is based upon an alleged breach
of contract of hiring, but the pleadings are not among the papers on
appeal.   The plaintiff is a resident of Orange county, and the defend-
ant of New York county.   The contract was made in the latter coun-
ty.   The action is brought in Orange county, and the appeal is from
an order denying the defendants' motion to change the place of trial
to the county of New York on the ground of convenience of wit-
nesses.

In denying the motion the learned justice at Special Term followed
the practice settled in this department for more than a century.   The
rule was recently reiterated in Quinn v. Brooklyn Heights R. R. Co.,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

88 App. Div. 57, 84 N. Y. Supp. 738, and is as stated in the headnote, that:

"The place of trial of an action will not be changed from a rural county to either the county of New York or the county of Kings merely to subserve the convenience of witnesses."

In that case the cause of action arose in Kings county, to which county the venue was sought to be changed; but that fact was not regarded as of sufficient weight to overcome the long established practice. In order to justify a change of the place of trial, Code Civ. Proc. § 987, requires that the ends of justice will be promoted, as well as the convenience of witnesses, and it has always been held in this department that the ends of justice are best subserved in that venue where a speedy trial can be had.

The plaintiff alleged, in his affidavit read on the motion, that he had a number of witnesses residing in the county of Orange; but the appellants claim that that fact could not be regarded, inasmuch as the names, addresses, and occupations are not given, nor is it stated that plaintiff is advised by counsel that the testimony of such witnesses is material and necessary. The omission does not constitute a defect, if the alleged convenience of witnesses is not to control. As was said by the former General Term in this department in Tuthill v. Long Island R. R. Co., 75 Hun, 556, 557, 26 N. Y. Supp. 1029, 1030:

"A cause upon the calendar of a country circuit can always be set down for trial for a day when it will be reached and tried. In that way the convenience of witnesses is best subserved, even though they all reside in the city in which the trial is sought to be had."

The order should be affirmed, with $10 costs and disbursements. All concur.