ADOLPH FERTIG, Respondent, v. JACOB BUBSER and MARY BUBSER, Appellants, and JOHN B. HILL, Defendant.— Orders reversed on the law, with ten dollars costs and disbursements, and motions to strike out the answer and for judgment on the pleadings denied, with ten dollars costs, on the ground that, regardless of the demands for certain relief to which defendants Bubser would not be entitled, the answer is sufficient on its face in respect to the agreement to extend the time of payment of the mortgage, and in respect to the allegations that the extension agreements were at their inception usurious and void. These defenses of usury of course apply only to the defendants Bubser, and leave the liability of the original mortgagor, Hill, unaffected. Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ., concur.

KAROL GOLEMBEISKI, Respondent, v. AMERICAN HAWAIIAN STEAMSHIP COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ.

SAMUEL GOLDBERGER, Respondent, v. PUBLIC NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Appellant.— Order denying defendant's motion to change place of trial reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. While this court has frequently declared that, other than in exceptional cases, a cause will not be removed to a county within the city of New York from a rural county adjacent thereto, yet where it appears that there is a growing tendency to assign claims in order that actions thereon may be brought in the rural counties, this court is of opinion that the ends of justice will be promoted by changing the venue to the county within the city of New York in which the transaction was had and the claim arose and where all of the parties in interest and the witnesses on both sides reside. Lazansky, P. J., Carswell, Scudder and Tompkins, JJ., concur; Davis, J., concurs for reversal on the following ground: The transaction occurred and the cause of action arose in Bronx county. The claim was assigned to plaintiff, who resided in Westchester county, in which he laid the venue of the action. Not one witness resided in that county, but several witnesses resided in Bronx county and the records of the defendant bank necessary for use on the trial are located in that county. The trial calendars in both counties are far behind as regards new cases, so there will be practically no more delay in one than in the other in reaching a trial of the action. Under the circumstances the well-settled doctrine is that the place of trial should be changed for the convenience of witnesses and to promote the ends of justice. (*Brady* v. *Hogan*, 117 App. Div. 898; *Brecht* v. *Jagger*, 172 id. 880; *Achilles* v. *Union Produce Export Co., Inc.*, 224 id. 620.)

GORDON V. HALL, Respondent, v. MEYER A. LEFTON, TRIANGLE BUILDING MATERIAL CO., INC., and HARRY GREENBLATT, Appellants; LUCIAN W. JOHNSON, Defendant.— Order denying motion to dismiss amended complaint for insufficiency affirmed, with ten dollars costs and disbursements, with leave to the appealing defendants to answer within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ., concur.